IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00248-REB-BNB
(Consolidated with (08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP,

Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1) **Plaintiffs White River Village, LLP and White River Townhomes, LLC's Motion for Order Directing Issuance for Letters Rogatory to Take a Deposition in the State of New Jersey** [Doc. # 52, filed 8/28/2008] (the "First Motion for Letters Rogatory");

(2) **Plaintiffs White River Village, LLP and White River Townhomes, LLC's Motion for Order Directing Issuance for Letters Rogatory to Take a Deposition in the State of Massachusetts** [Doc. # 53, filed 8/28/2008] (the "Second Motion for Letters Rogatory");

(3) **Plaintiffs White River Village, LLP and White River Townhomes, LLC's Motion for Order Directing Issuance for Letters Rogatory to Take a Deposition in the State of New Mexico** [Doc. # 54, filed 8/28/2008] (the "Third Motion for Letters Rogatory");

(4) **Plaintiffs White River Village, LLP and White River Townhomes, LLC's Motion for Order Directing Issuance for Letters Rogatory to Take a Deposition in the State of New Jersey** [Doc. # 55, filed 8/28/2008] (the "Fourth Motion for Letters Rogatory"); and

(5) **Motion for an Enlargement of Time to Serve Responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions** [Doc. # 56, filed 8/29/2008] (the "Motion for Enlargement of Time").

Rule 45, Fed. R. Civ. P., concerning the issuance of subpoenas compelling non-parties to appear and give deposition testimony was revised to allow lawyers authorized to practice in a federal court where an action is pending to issue and sign subpoenas in any other United States federal court as may be necessary to obtain deposition testimony or the production of documents. Specifically, Rule 45(a)(3) provides:

> **(3) Issued by Whom.** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. **An attorney also may issue and sign a subpoena as an officer of:**
> **(A)** a court in which the attorney is authorized to practice; or
> **(B)** **a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.**

(Emphasis added.)

Thus, under Rule 45, the plaintiffs' lawyers, who are authorized to practice in Colorado where this action is pending, also may issue and sign subpoenas as officers of the federal district courts where the depositions are to be taken, including New Jersey, Massachusetts, and New Mexico. There no longer is any need for one federal court to issue letters rogatory to another federal court in order for parties in a pending action to obtain subpoenas for depositions and depositions duces tecum in distant districts. Properly licensed lawyers may do that themselves.

In the Motion for Enlargement of Time, defendant F&D seeks a two week extension of time to respond to discovery requests from the plaintiffs. The extra time is sought for the following reasons:

> 4. In its Discovery Requests, White River demanded information (see Interrogatories Nos. 2, 3, 4, 7, 8, 9, 10, and 11; see also Request for Admission Nos. 1, 2, 3, 4, 5, 6, and 7) and numerous documents (see Request for Production Nos. 4, 6, 7 and 8) that are not currently possessed by F&D, but are rather in the possession [sic] Perini and/or will require Perini to provide F&D with detailed information in order to formulate an adequate response.
>
> 5. In order to facilitate White River's inquiries, F&D has requested said information and documents from Perini, but has no direct control over the timeliness of Perini's production of such information and documents.

Motion for Enlargement of Time [Doc. # 56] at ¶¶4-5.

I am informed that the motion is opposed. Id. at pp.1-2. In addition, the plaintiffs have indicated their intentions to seek information directly from Perini. See First and Second Motions for Letters Rogatory [Docs. # 52 and 53]. Apparently, the plaintiffs do not want to have F&D "facilitate" their inquiries, and will make those inquiries to Perini directly.

The Federal Rules of Civil Procedure require that a "a public or private corporation," such as F&D, must answer interrogatories by providing "the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Similarly, in responding to requests for admissions, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny . . . if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. at Rule 36(a)(4). Finally, a party must produce only those documents in its "possession, custody, or control" in response to a discovery request. Id. at Rule 34(a)(1). F&D is not required to "facilitate" discovery by

3

obtaining the information and documents in the possession of Perini when responding to the plaintiffs' discovery requests.  F&D does not state that it cannot respond to the discovery requests by providing its information and documents within the time permitted.

      IT IS ORDERED that the First, Second, Third, and Fourth Motions for Letters Rogatory are DENIED.

      IT IS FURTHER ORDERED that the Motion for Enlargement of Time is DENIED.

Dated September 2, 2008.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge