IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00248-REB-BNB
(Consolidated with (08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP,

Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

Defendant.

_____

**ORDER**
_____

This matter is before me on **Defendant/Third Party Plaintiff, Fidelity and Deposit Company of Maryland's Unopposed Motion for Entry of Stipulated Protective Order** [Doc. # 92, filed 10/8/2008] (the "Motion"). The Motion is DENIED and the proposed Stipulated Protective Order [Doc. # 92-2] is REJECTED. The parties are granted leave to submit a revised proposed protective order consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386. In addition, I require that the protective order contain a mechanism by which a party may challenge the designation of information as confidential. The addendum to the Gillard decision is a form of protective order which contains

a provision that satisfies this requirement:

> A party may object to the designation of particular
> CONFIDENTIAL information by giving written notice to the party
> designating the disputed information. The written notice shall
> identify the information to which the objection is made. If the
> parties cannot resolve the objection within ten (10) business days
> after the time the notice is received, it shall be the obligation of the
> party designating the information as CONFIDENTIAL to file an
> appropriate motion requesting that the court determine whether the
> disputed information should be subject to the terms of this
> Protective Order. If such a motion is timely filed, the disputed
> information shall be treated as CONFIDENTIAL under the terms
> of this Protective Order until the Court rules on the motion. If the
> designating party fails to file such a motion within the prescribed
> time, the disputed information shall lose its designation as
> CONFIDENTIAL and shall not thereafter be treated as
> CONFIDENTIAL in accordance with this Protective Order. In
> connection with a motion filed under this provision, the party
> designating the information as CONFIDENTIAL shall bear the
> burden of establishing that good cause exists for the disputed
> information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed protective order submitted here does not comply with the requirements established in Gillard. First, at ¶10 the proposed protective order improperly imposes upon the party challenging the designation of material as confidential the burden of seeking judicial review. To the contrary, the burden of seeking protection from discovery is always on the party seeking the protection. In addition, ¶11 of the proposed protective order deals with filing materials under seal, and establishes a procedure not fully consistent with the requirements of D.C.COLO.LCivR 7.2 and 7.3. Materials may be filed under seal, but only in the manner provided by these local rules.

IT IS ORDERED that the Motion is DENIED.

Dated October 9, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge