IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00248-REB-BNB
(Consolidated with (08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, L.L.C.,

Plaintiffs,

v.

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado corporation,

Defendant, and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

Defendant and Third-Party Plaintiff,

v.

JONATHAN REED & ASSOCIATES, INC.,
S&S JOINT VENTURE, a New Mexico general partnership,
CLASS CONSTRUCTION, INC., a Colorado corporation,
BELLAVISTA BUILDERS, a New Mexico corporation,
COOKEY'S MECHANICAL, INC., a Colorado corporation,
CRUZAN CONSTRUCTION COMPANY, a Colorado company,
C.E.S.M., LLC, a Colorado limited liability company,
G. CONSTRUCTION INC., a Colorado corporation,
DAVE PALARDY PAINTING, INC., a Colorado corporation,
RENTERIA ROOFING, a general partnership,
EC CONTRACTORS, LLC, a domestic limited liability company,
M.M. SKYLINE CONTRACTING, INC., a Colorado corporation a/k/a Skyline Contracting,
STAR PRECAST CONCRETE, a registrant with the Colorado Secretary of State,
KOJIN CONSTRUCTION, LLC, a Colorado limited liability company,
B&B PLUMBING, INC., a Colorado corporation d/b/a B&B Plumbing and Heating,
WILLIAM BERESFORD, d/b/a William Beresford Painting, and
DEKKER/PERICH/SABATINI, LTD., New Mexico corporation,

Third Party Defendants.

# ORDER

This matter arises on **White River's Motion for Court Order Continuing Subpoenas** [Doc. # 194, filed 12/4/2008] (the "Motion"). I held a hearing on the Motion this morning and made rulings on the record, which are incorporated here.[1]

Initially, I note that I make no decision concerning the plaintiff's right to notice or take the depositions of Messrs. Kojin, Duncan, and Labbe. This issue is not currently before me and should be raised, well in advance of any deposition,[2] by means of a motion to enlarge discovery limits; to quash the subpoenas; for protective order; or for other appropriate relief. In addition, during the hearing a question arose about whether a party which has exhausted its permitted number of depositions may question a witness whose deposition is noticed by another party. It was my intention in setting the numerical limits to allow questioning of a deponent by any party, regardless of whether that party could have noticed the deposition, so long as the questioning does not cause the deposition to exceed the time limit allowed.

IT IS ORDERED that the Motion is GRANTED, and the deposition subpoenas served on Dennis Kojin and Alan Duncan by the plaintiff are continued to the following dates:

**Dennis Kojin: June 22, 2009**; and

**Alan Duncan: June 23, 2009**.

---

[1] At the hearing this morning, I stated that I would also continue the subpoena served on Brian Labbe. That part of my oral ruling was in error and is VACATED. It appears that Mr. Labbe's subpoena was issued out of a court in a different district, and any order continuing it must be made by the issuing court. See Fed. R. Civ. P. 45(a)(2)(B).

[2] Each of the depositions is scheduled for a date more than four months in the future.

IT IS FURTHER ORDERED that the plaintiff shall serve this order on the deponents in a reliable manner reasonably calculated to lead to its receipt by the deponents including, for example, by United States mail, first class postage prepaid. See Fed. R. Civ. P. 5(b).

Dated January 23, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge