IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00248-REB-BNB
(Consolidated with Civil Action No. 08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP,

    Plaintiff,

        v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation,

    Defendant/Third-Party Plaintiff

        v.

JONATHAN REED & ASSOCIATES, INC.,
S&S JOINT VENTURE, a New Mexico general partnership,
CLASS CONSTRUCTION, INC., a Colorado corporation,
BELLAVISTA BUILDERS, a New Mexico corporation,
COOKEY'S MECHANICAL, INC., a Colorado corporation,
CRUZAN CONSTRUCTION COMPANY, a Colorado company,
C.E.S.M, LLC, a Colorado limited liability company,
G CONSTRUCTION, INC., a Colorado corporation,
DAVE PALARDY PAINTING, INC., a Colorado corporation,
RENTERIA ROOFING, a general partnership,
EC CONTRACTORS, LLC, a domestic limited liability company,
M.M. SKYLINE CONTRACTING, INC., a Colorado corporation, a/k/a Skyline Contracting,
WEST CANYON TREE FARM, INC., a Colorado corporation,
STAR PRECAST CONCRETE, a registrant with the Colorado Secretary of State,
KOJIN CONSTRUCTION, LLC, a Colorado limited liability company,
B&B PLUMBING, INC., a Colorado corporation d/b/a B&B Plumbing and Heating,
WILLIAM BERESFORD, d/b/a William Beresford Painting,
DEKKER/PERICH/SABATINI, LTD., a New Mexico corporation.

    Third-Party Defendants

**STIPULATED PROTECTIVE ORDER**

Upon stipulation and agreement by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered, ~~the Court hereby orders as follows:~~

**IT IS ORDERED:**

1. This Stipulated Protective Order shall be applicable to and govern all documents, as that term is generally recognized in discovery proceedings, produced in response to Plaintiff White River Village, LLP's August 5, 2008, First Request for Production of Documents No. 9, in which Plaintiff seeks production of "Copies of all communications, including surety questionnaires returned by or on behalf of White River, internal emails, notes, financial analysis and other documents in connection with the Project."

2. This Stipulated Protective Order shall also be applicable to and govern all other discovery proceedings, including but not to limited to additional or supplemental interrogatories or requests for productions, and deposition testimony, in which Plaintiff seeks production of similar information to that sought in paragraph 1 above from Defendant Fidelity and Deposit Company of Maryland.

3. Documents responsive to the above requests, and only such documents, shall be designated as "CONFIDENTIAL," provided, however, that Defendant only makes such designation after the documents are first reviewed by an attorney and that the designation as "CONFIDENTIAL" is based on a good faith belief that the documents contain trade secret or other confidential, competitive or proprietary business information used by Defendant in, or

2

pertaining to, its business and for which Defendant takes appropriate efforts to keep confidential or which it is otherwise required to keep confidential by agreement or law.

4. Documents designated as CONFIDENTIAL may be disclosed only to the following persons:

a. the attorneys working on this action on behalf of any party, including in-house attorneys;

b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d. any person not employed by a party who is a non-retained expert or expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e. any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the documents confidential; and

f. the Court.

4. The persons described above shall have access to documents designated CONFIDENTIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a

copy of the annexed "ACKNOWLEDGMENT." After expert disclosures, a full list of persons to whom the CONFIDENTIAL documents are disclosed shall be provided. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL documents are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

5. Each individual who receives any CONFIDENTIAL document hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

6. The recipient of any CONFIDENTIAL document that is provided under this Order shall maintain such documents in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such documents as is exercised by the recipient with respect to its own proprietary information.

7. Defendant shall designate CONFIDENTIAL documents as follows:

a. by placing the following legend on any such document prior to production: "CONFIDENTIAL." In the event that Defendant inadvertently fails to stamp or otherwise designate material as CONFIDENTIAL MATERIAL at the

time of its production, Defendant shall have five (5) business days after discovery of such error to so stamp or otherwise designate the material.

b. in the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL documents the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c. transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL documents, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal as described in paragraph 11 below.

10. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. If a party wishes to file with the Court documents which are, in whole or in part, designated as CONFIDENTIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such material, the party must first file a timely motion to seal in accordance with D.C.COLO.LCivR 7.2 and 7.3 and properly file the proposed sealed documents in accordance with D.C.COLO.LCivR 7.2(D). Upon the default of the filing party to file a motion to seal and/or properly file the proposed sealed documents, any party may do so.

12. In the event that any CONFIDENTIAL document is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing documents designated as CONFIDENTIAL to an

individual who either prepared or reviewed the material prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, documents from the party's own files which the party itself has designated as CONFIDENTIAL.

14. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL documents, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it. In lieu of returning the documents, all such documents may be destroyed provided that a sworn certificate of destruction listing the documents and certifying that they all have been destroyed is sent to the producing party within the sixty (60) day period.

15. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 16, inclusive hereof.

DATED January 23, 2009, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

Approved as to form and content:


/s/ Jeffrey B. Stalder
Jeffrey B. Stalder, Esq.
Fowler, Schimberg & Flanagan
1640 Grant Street
Denver, CO 80203
*Counsel for Plaintiff*


/s/ Philip B. Cardi
Philip B. Cardi, Esq.
Jackson Kelly LLC
1099 18th Street, Suite 2150
Denver, CO 80202
*Counsel for Defendant Hepworth-Pawlak Geotechnical, Inc.*

/s/ Patrick Q. Hustead
Patrick Q. Hustead, Esq.
The Hustead Law Firm, A Professional Corporation
4643 South Ulster Street
Denver, CO 80237
*Counsel for Defendant Fidelity and Deposit Company of Maryland*

/s/ Bradley Shefrin
Bradley Shefrin, Esq.
Jill A. Curry, Esq.
Jessica C. Stieber, Esq.
Pryor Johnson Carney Karr Nixon, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
*Counsel for Third-Party Defendant S&S Joint Venture*

/s/ Amber F. Ju
L. Kathleen Chaney, Esq.
Amber F. Ju, Esq.
Lambdin & Chaney, LLP
4949 South Syracuse Street, Suite 600
Denver, Co 80237
*Counsel for Third-Party Defendant Cookey's Mechanical*

/s/ Ivan A. Sarkissian
Ivan A. Sarkissian, Esq.
Sara Holmes, Esq.
McConaughy & Sarkissian, P.C.
The Pointe at Inverness
8310 South Valley Highway, Suite 250
Englewood, CO 80112
*Counsel for Third-Party Defendant Class Construction, Inc.*

/s/ David Nowak
David Nowak, Esq.
White & Steele, PC
600 17th Street, Suite 600N
Denver, CO 80202
*Counsel or Dekker/Perich/Sabatini, Ltd.*

/s/ Stuart D. Morse
Stuart D. Morse, Esq.
D. Destin Jones, Esq.
Levy, Morse & Wheeler, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Englewood, CO 80111
*Counsel for Third-Party Defendants G Construction, Inc. and MM Skyline Contracting, Inc.*

/s/ Ken Fredericksen
Ken Fredericksen, Esq.
The Fredericksen Law Firm
66 Springer Drive, Suite 214
Highlands Ranch, CO 80129
*Counsel for Cruzan Construction Company*

/s/ Bruce Shibles
Bruce Shibles, Esq.
Joel N. Varnell & Associates
1801 Broadway, Suite 1500
Denver, CO 80202-3878
*Counsel for B&B Plumbing and CESM*

***/s/ Nikolai N. Frant***
**Brandon P. Hull, Esq.**
**Nikolai N. Frant, Esq.**
**Overturf McGath Hull & Doherty, P.C.**
**625 East 16th Avenue, Suite 100**
***Counsel for David Palardy Painting***

## **ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2008 in the case captioned White River Village, LLP v. Fidelity and Deposit Company of Maryland, Case No. 08-cv-00248-REB-BNB (consolidated with Case No. 08-cv-00359-REB-BNB), and that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of documents designated CONFIDENTIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

Dated: _____

By: _____
     Printed Name

_____
Signature