**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP,

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff,

v.

JONATHAN REED & ASSOCIATES, INC., et al.,

## ORDER CONCERNING MOTIONS FOR JUDICIAL NOTICE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant/Third Party Plaintiff, Fidelity and Deposit Company of Maryland's Motion For Judicial Notice** [#282][1] filed February 27, 2009; and (2) **Plaintiffs, White River Village, LLP and White River Townhomes, LLC and Third-Party Defendant Jonathan Reed & Associates' Motion for Judicial Notice** [#296] filed March 19, 2009. Fidelity and Deposit's motion prompted the filing of two responses, [#297 & [#299]. No responses have been filed addressing the motion of the White River entities and Reed and Associates. I deny both motions without prejudice.

---

[1] "[#282]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In each of the two motions at issue here, the movants ask that I take judicial notice of a certain order issued by a judge of the District Court, Garfield County, Colorado (state court). The two motions concern different orders issued by different judges of the state court. The state court orders were issued in two different cases that are, or were, pending before the state court. Both of the state court cases concerned some aspect of the construction projects at issue in the above-captioned case. In one of the orders, the state court judge, addressing a motion to dismiss, concluded that under §38-22-101, C.R.S., a surety can file a mechanic's lien under the circumstances described in the complaint in that case. In the other state court order, a different state court judge, applying §38-22-101, C.R.S., concluded that a surety may not file a mechanic's lien.

Under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts but not legislative facts. **U.S. v. Coffman**, 638 F.2d 192, 194 - 195 (10th Cir. 1980). Adjudicative facts are limited to facts relevant to the pending proceeding. **U.S. v. Gilkerson**, 556 F.3d 854, 855 (8th Cir. 2009). Under Rule 201 (d), a court "shall take judicial notice if requested by a party and supplied with the necessary information. On the current record, I conclude that it is not proper to take judicial notice of the state court orders at issue in the two motions at issue here. Most important, the movants have not shown that the contents of the two state court orders are relevant to the resolution of the claims at issue in this case. It is conceivable that the state court orders are relevant to the claims at issue in this case. A determination of relevance, however, must await further development of the evidentiary landscape in this case. Pending that development, I deny both motions without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant/Third Party Plaintiff, Fidelity and Deposit Company of Maryland's Motion For Judicial Notice** [#282] filed February 27, 2009, is **DENIED** without prejudice; and

2. That **Plaintiffs, White River Village, LLP and White River Townhomes, LLC and Third-Party Defendant Jonathan Reed & Associates' Motion for Judicial Notice** [#296] filed March 19, 2009, is **DENIED** without prejudice.

Dated September 8, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge