IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP,

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff,

v.

JONATHAN REED & ASSOCIATES, INC., et al.,

---

ORDER CONCERNING PLAINTIFFS' MOTION TO ENFORCE
ORDERS CONCERNING SCOPE OF ARBITRATION

---

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiffs' Combined Motion To Enforce the Court's Orders Dated March 23, 2009, Determine that Arbitration is Complete, and Administratively Reopen the Case** [#339][1] filed November 10, 2010; and (2) **Plaintiffs' Motion To Re-Open Case for the Limited Purpose of Ruling on Pending Motion** [#391] filed June 8. 2011.  Addressing the motion to enforce [#339], the defendant and third-party plaintiff Fidelity and Deposit Company of Maryland filed a response [#342], the plaintiffs filed a reply [#345], and Fidelity and Deposit filed a surreply [#366].  I deny the motion to enforce and grant the motion to re-open.

---

[1] "[#339]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

On March 23, 2009, I entered an order [#301] compelling the parties to arbitrate certain claims at issue in this case. Specifically, I concluded that the parties must arbitrate the counterclaims and third-party claims asserted by Fidelity and Deposit against plaintiff White River Village, LLP (Village), plaintiff White River Townhomes, LLC (Townhomes), and third party defendant Jonathan Reed & Associates, Inc. (Reed & Assoc.). Arbitration is required because these counterclaims and third-party claims are controlled by the arbitration provisions contained in contracts referred to in my previous order [#301] as the S & S Contracts. I concluded also that the claims of plaintiff Village, Townhomes against F & D are controlled by the court provision of the performance bonds under which Village and Townhomes bring their claims against Fidelity and Deposit. In my order [#301] compelling arbitration, I ordered also that litigation of the claims not subject to arbitration be stayed pending completion of the arbitration.

On the same day that I issued the order [#301] compelling arbitration, I issued an order [#300] granting an uncontested motion to bifurcate the trial in this case. The parties had stipulated that their claims against each other for attorney fees and legal costs should be resolved post-trial, rather than at trial. I concluded that, implicitly, the parties agreed that "that these claims properly are resolved by the court and not by a jury." *Order* [#300], p. 1.

After a long series of arbitration hearings, the arbitration panel entered an interim award. Addressing the claims of Fidelity and Deposit that are subject to arbitration, the panel entered a total net award in favor of Fidelity and Deposit in the amount of 1,656,757.03 dollars. The panel then ordered briefing on the issue of attorney fees and costs associated with the claims heard by the arbitration panel.

In their present motion, Village, Townhomes, and Reed & Assoc. (Movants)

2

argue that the arbitration panel does not have jurisdiction to determine the issue of attorney fees and costs associated with the claims heard by the arbitration panel. The Movants argue that the issue of attorney fees and costs cannot be determined until all of the intertwined claims between and among the parties are resolved, including the claims not covered by the arbitration clauses. Presently, only Fidelity and Deposits' claims have been addressed by the arbitration panel, and, thus, the other claims remain unresolved. In these circumstances, the Movants argue, the arbitration panel cannot properly determine who is the prevailing party for the purpose of awarding attorney fees and costs. The Movants argue also that my bifurcation order [#300] precludes the arbitration panel from exercising jurisdiction over the attorney fee issue. I disagree with both contentions.

In the order compelling arbitration [#301], I applied the arbitration provision of the applicable contracts, the S & S Contracts. Those contracts provide that any claim arising out of or relating to the contract shall be subject to arbitration. *Motion to compel* [#15], Exhibits A and B, §4.6.1. Those contracts contain also a fee shifting provision, which provides: "The reasonable costs of the arbitration proceeding (including attorney and arbitrator's fees) shall be borne by the non-prevailing party as determined by the arbitrators." *Response* [#342], Exhibit G, ¶ 4.6.2.2. Under the terms of the S & S contracts, the issue of attorney fees and arbitration costs clearly is within the jurisdiction of the arbitration panel. The issue of attorney fees tied to the claims subject to arbitration is included in my order [#300] that Fidelity and Deposit Company of Maryland's counterclaims and third-party claims, asserted under the terms of the S & S Contracts, be arbitrated.

This court has jurisdiction over this case based on diversity of citizenship.

Colorado law is applicable to the award of attorney fees and costs on both the arbitrable claims and the other claims. When a plaintiff and a defendant assert claims against each other, and both parties have prevailed in part on the question of liability, the trial court can determine which party is the prevailing party for the purpose of applying an attorney fee shifting provision in a contract. **See, e.g., Wheeler v. T.L. Roofing, Inc.**, 74 P.3d 499, 504 (Colo. App. 2003). When plaintiffs and defendants assert claims against each other in the same case, the Colorado courts have approved the use of a net judgment analysis to determine which party is the prevailing party. *Id*. at 503. The net judgment analysis provides that when the plaintiff and the defendant seek damages from each other by way of claim and counterclaim and both claims are upheld in part, the party in whose favor the final net judgment is rendered is the prevailing party for purposes of an attorney fees award. **See Dennis I. Spencer Contractor, Inc. v. City of Aurora**, 884 P.2d 326, 331 n. 11 (Colo. 1994).

The Movants argue that the prevailing party in this case cannot be determined until all of the claims at issue, both arbitrable and non-arbitrable, have been resolved. As a result, the Movants argue, the arbitration panel does not have jurisdiction to determine the attorney fees issue concerning the claims heard by the arbitration panel. The fact that the claims subject to arbitration are related to claims not subject to arbitration does not deprive the arbitration panel of jurisdiction over the attorney fees issue, as provided explicitly in the S & S Contracts. If the remaining claims proceed to trial once the arbitration is complete, it may be that the application of the arbitration panel's decision on an award of attorney fees will have to be reassessed. If the result of a trial makes the determination of the prevailing party more complex than that determination is in the arbitration proceeding, then the issue of prevailing party and

attorney fees may have to be revisited once all of the claims at issue in this case are resolved. Whether that possibility will become reality remains to be seen. In any event, I may not change the scope of the arbitration clause, and, thus, the jurisdiction of the arbitrators, based on a conclusion that application of an arbitration panel's decision on attorney fees later may have to be reassessed after trial proceedings in this court.

In addition the Movants cite my order [#300] granting the motion to bifurcate the trial in this case. This order, the Movants argue, effectively limits the jurisdiction of the arbitration panel and precludes the panel from addressing the issue of attorney fees in relation to the claims heard by the arbitration panel. The order for bifurcation does not address the distinction between claims subject to arbitration and claims preserved for trial. Rather, that order addresses whether a jury or the court shall determine attorney fees claims that are tried in this court. My order for bifurcation [#300] does not change the scope of the claims subject to arbitration under the S & S Contracts or the jurisdiction of the arbitration panel.

**THEREFORE, IT IS ORDERED** as follows:

1. That this case is **RE-OPENED** for the purpose of resolving the plaintiffs' motions [#339 & #391];

2. That the **Plaintiffs' Combined Motion To Enforce the Court's Orders Dated March 23, 2009, Determine that Arbitration is Complete, and Administratively Reopen the Case** [#339] filed November 10, 2010, is **DENIED**;

3. That the terms of my order [#301] compelling arbitration **SHALL REMAIN** in full force and effect;

4. That the **Plaintiffs' Motion To Re-Open Case for the Limited Purpose of Ruling on Pending Motion** [#391] filed June 8. 2011, is **GRANTED** on the terms stated

5

in this order; and

    5.  That under D.C.COLO.LCivR 41.2, the clerk of the court is **DIRECTED** again to close these consolidated civil actions administratively, subject to reopening for good cause.

    Dated September 28, 2011, at Denver, Colorado.

                                    **BY THE COURT:**

*[Signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge