**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP,

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff,

v.

JONATHAN REED & ASSOCIATES, INC., et al.,

    Third-Party Defendants.

## ORDER CONFIRMING ARBITRATION AWARD

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion To Confirm Arbitration Award and To Stay Enforcement of the Judgment** [#418][1] filed May 18, 2012; and (2) **Fidelity and Deposit Company of Maryland's Supplemental Motion Regarding Confirmation of Arbitration Award** [#426] filed January 29, 2013. Both motions generated responses [#421 & #428] and replies [#424 & #429]. I grant the motions in part and deny them in part.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

---

[1] "[#418]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  ANALYSIS

On March 23, 2009, I entered an order [#301] directing the parties to arbitrate the counterclaims and third-party claims of defendant/third-party plaintiff Fidelity and Deposit Company of Maryland (F&D).  That arbitration is complete, and it resolved the majority of the remaining factual issues and claims in this case.  A few unresolved claims asserted by the plaintiffs remain.  In their motions, F&D and plaintiffs White River Village and White River Townhomes (collectively White River) seek confirmation of the arbitration award.  The arbitration covered also F&D's third party claims against Jonathan Reed & Associates, Inc.  White River and Jonathan Reed & Associates, Inc. do not object to the inclusion of Jonathan Reed & Associates, Inc. in this confirmation order.

A federal court should confirm an arbitrator's award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA.  9 U.S.C. § 9.  Any party to the arbitration may apply to vacate the arbitration award where the arbitrators exceeded their powers.  **See id.** § 10.  Nevertheless, "the standard of review of arbitral awards is among the narrowest known to law." **Brown v. Coleman Co.**, 220 F.3d 1180, 1182 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 1191 (2001).  "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." **Burlington Northern and Santa Fe Railway Co. v. Public Service Co. of Oklahoma**, 636 F.3d 562, 567 (10th Cir. 2010) (citations and internal quotation marks omitted).

Here, there is no dispute that the arbitration award should be confirmed.  Ultimately, the terms of the arbitration award will provide many of the terms for the final

judgment entered in this case. However, some claims remain pending in this case. Generally, it is not appropriate to enter judgment in a case before all claims against all parties have been resolved. FED. R. CIV. P. 54. The special circumstances for entry of judgment as to some, but not all, claims and parties have not been established in this case. Therefore, I confirm the award, but await final resolution of all claims before entering judgment. In its motion, White River seeks a stay of enforcement of any judgment entered based on the arbitration award. Given the circumstances of this case, I deny that specific request as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Confirm Arbitration Award and To Stay Enforcement of the Judgment** [#418] filed May 18, 2012, is **GRANTED** on the terms stated in this order;

2. That **Fidelity and Deposit Company of Maryland's Supplemental Motion Regarding Confirmation of Arbitration Award** [#426] filed January 29, 2013, is **GRANTED** on the terms stated in this order;

3. That the request of White River for a stay of any judgment based on the arbitration award is **DENIED** as moot;

4. That the Final Award of the American Arbitration Association ("AAA") in Arbitration No. 77 110 Y 00092 08 HLT, executed on February 1, 2012, served on February 9, 2012, and attached hereto as Exhibit A, is **CONFIRMED** by this Court.

5. That the Final Award shall be modified to include Third-Party Defendant, Jonathan Reed & Associates, Inc. ("JRA"), which shall, along with White River Village, LLP (WRV) and White River Townhomes, LLC (WRT), be jointly and severally liable for

3

all damages and interest due and owing to F&D under the Final Award and as designated herein;

6. That White River Village, LLP, and JRA are ordered to pay Fidelity and Deposit Company of Maryland (F&D) the principal amount of $3,250,785.43, plus the post-award interest on this amount at the per diem rate of $2,183.53 from February 1, 2012, until the date of the entry of judgment by the court on the arbitration award (collectively, the "Total Confirmed Award Against WRV/JRA");

7. That after the entry of judgment by the court on the arbitration award, interest on the Total Confirmed Award Against WRV/JRA shall accrue at the rate designated in 28 U.S.C. §1961 (the "Federal Rate");

8. That interest shall accrue at the Federal Rate and continue to be assessed against White River Village, LLP, and JRA until the judgment set forth in this paragraph is satisfied by White River Village, LLP and/or JRA, both of which shall be jointly and severally liable for the judgment;

9. That White River Townhomes, LLC, and JRA are ordered to pay F&D the principal amount of $1,493,193.38, plus the post-award interest on this amount at the per diem rate of $935.80 from February 1, 2012, until the date the entry of judgment by the court on the arbitration award (collectively, the "Total Confirmed Award Against WRT/JRA");

10. That after the entry of judgment by the court on the arbitration award, interest on the Total Confirmed Award Against WRT/JRA shall accrue at the Federal Rate; and

11. That interest shall accrue at the Federal Rate and continue to be assessed

against White River Townhomes, LLC, and JRA until the judgment set forth in this paragraph is satisfied by White River Townhomes, LLC and/or JRA, both of which shall be jointly and severally liable for the judgment.

Dated March 25, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge