**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP,

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff,

v.

JONATHAN REED & ASSOCIATES, INC., et al.,

    Third-Party Defendants.

## ORDER CONCERNING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on **Fidelity and Deposit Company of Maryland's Motion for Summary Judgment** [#408][1] filed March 23, 2012. Plaintiffs White River Village, LLP and White River Townhomes, LLC and third party defendant Jonathan Reed and Associates, Inc. filed a response [#413] and Fidelity and Deposit filed a reply [#416]. I grant the motion in part and deny it in part.[2]

---

[1] "[#408]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine issue of fact. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).

In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show by tendering depositions, affidavits, and other competent evidence that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse**

*Services*, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999).

### III.  BACKGROUND

This case originated with two construction contracts that concern related construction projects.  Both contracts are between the owner, White River Townhomes, LLC or White River Village, LLP and Jonathan Reed & Associates, Inc., and the contractor, S&S Joint Venture.  There are separate contracts for the two projects, but the two projects are geographically adjacent to each other and are closely related.  For the purpose of resolving the motion for summary judgment, the terms of the two contracts are identical.[3]

In this case, White River asserted claims against defendant Fidelity and Deposit Company of Maryland (F&D).  F&D issued payment and performance bonds guarantying the obligations of S&S under the S&S contracts.  White River's claims in this case are based on F&D's obligations under the performance bonds and, to some extent, the payment bonds.  After S&S defaulted on the construction contracts, F&D, as the surety, undertook to complete performance on the contracts.  In essence, F&D filled the role of S&S after S&S defaulted.  In this case, White River alleges that F&D is liable for construction defects and delays in completing the projects.  White River claims F&D failed to fulfill its obligations under the performance bonds after F&D took over the

---

[3] I will refer to the contracts collectively as the S&S Contracts.  I will refer to the two White River entities collectively as "White River."

construction projects and sought to complete the projects.

Based on F&D's alleged failure to fulfill its obligations under the performance bonds and the payment bonds, White River asserts claims for (1) breach of performance bonds; (2) bad faith breach of insurance/surety contract; (3) civil conspiracy; (4) negligence-Hepworth Pawlak Geotechnical, Inc.; (5) Breach of express warranty; (6) breach of payment bonds; (7) slander of title; and (8) deceit. White River's allegations in support of these claims are contained in its amended complaint [#67]. In response to White River's complaint, F&D asserted counterclaims against White River, and third-party claims against several third-party defendants, including third-party defendant Reed & Assoc. The counterclaims and third-party claims all concern the two construction projects addressed in the S&S Contracts.

On March 23, 2009, I entered an order directing the parties to arbitrate F&D's counterclaims and third-party claims, in which F&D sought to enforce the terms of the S&S Contracts against White River and Reed & Assoc. *Order* [#301]. On the other hand, I concluded that the claims of White River against F&D are claims created by the terms of the performance bonds. The bonds do not contain an agreement to arbitrate. Therefore, I concluded that I could not compel arbitration of White River's claims under the bonds. Pending the arbitration of F&D's claims, I stayed court proceedings on White River's claims against F&D.

F&D's claims now have been arbitrated fully. In the arbitration, F&D was successful in proving its counterclaims and third-party claims against White River. White River was permitted to assert a variety of affirmative defenses in the arbitration, but it was not successful on any of the affirmative defenses. The arbitration covered

4

also F&D's third party claims against Jonathan Reed & Associates, Inc.

In its motion for summary judgment, F&D argues that all of White River's claims were resolved in the arbitration. This is true, F&D asserts, because the issues relevant to White River's claims were resolved when White River's affirmative defenses were resolved in the arbitration. Citing the doctrines of issue preclusion and claim preclusion, F&D contends White River is barred from pursuing its claims in this case. On this basis, F&D seeks summary judgment on all of White River's claims. White River argues that its claims under the F&D bonds were stayed, were not resolved in arbitration, and were reserved for litigation in federal court. Now that the arbitration is complete, White River contends, litigation of White River's claims is appropriate.

## IV. CLAIM PRECLUSION & ISSUE PRECLUSION

The doctrine of issue preclusion will "bar a party from re-litigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." ***Burrell v. Armijo***, 456 F.3d 1159, 1172 (10th Cir. 2006) (***quoting Park Lake Res., Ltd. Liab. Co. v. United States Dep't of Agric.***, 378 F.3d 1132, 1136 (10th Cir. 2004)). Four elements are required to apply the doctrine of issue preclusion: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id*. (citing ***Dodge v. Cotter Corp.***, 203 F.3d 1190, 1198 (10th Cir. 2000)). An arbitration award generally is considered to constitute a final adjudication on the merits.

*See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 - 832 (10th Cir. 2005).

The doctrine of claim preclusion will "prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) coincidence of identify of the parties in the two suits; and (3) coincidence of identity of the cause of action in both suits. *Id*. (*citing Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003)). "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id*. (*citing Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

## V. ANALYSIS

White River's fourth claim for relief is a negligence claim asserted against a defendant other than F&D. Claim four is not relevant to the motion for summary judgment. White River concedes that, "in light of the findings of the arbitrators concerning the validity of the F&D mechanics' lien, White River will likely be unable to establish certain required elements of its Slander of Title Claim . . . ." *Response* [#413], p. 8. White River concedes that dismissal of its seventh claim for relief is proper. *Id*. Using the enumeration used in the complaint [#67], the White River claims now at issue include: (1) breach of performance bonds; (2) bad faith breach of insurance/surety contract; (3) civil conspiracy; (5) breach of express warranty; (6) breach of payment bonds; and (8) deceit. I address each claim in turn.

### A. Breach of Performance Bonds

White River's first claim is a claim for breach of the two performance bonds tied to the two S&S Contracts. *Complaint* [#67], pp. 7 - 8. It is important to note the close tie between the S&S contracts and the performance bonds. The two performance bonds at issue have essentially identical terms. In the performance bonds, F&D bound itself to White River "for the performance of the [S&S contract covered by the bond], which is incorporated herein by reference." *Motion for summary judgment* [#408], Exhibit 12, pp. 1-3 (Performance Bond), ¶ 1.

If there is no owner default under the bond, the obligations of the surety arise after the contractor is in default and other conditions are met. *Performance Bond*, ¶ 3. Once the owner has declared a default, the surety's obligations do not arise unless the owner "has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform" the contract. *Id.*, ¶ 3.3. With those conditions met, "the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract." *Id.*, ¶ 6. After S&S defaulted on the contracts, F&D took over the construction projects and sought to complete the projects, as permitted under the bonds.

In short, under the terms of the Performance Bonds, when the duties of the surety are triggered, the duties of the surety are defined by the underlying construction contract. Here, the duties of F&D are defined by the underlying S&S contracts. The duties of F&D and White River cannot be expanded beyond their duties under the S&S

7

contracts.

In the context of these bond terms, the determinations of the arbitration panel concerning the breach of contract claims resolved in the arbitration feed directly into a determination of the viability *vel non* of White River's claims for breach of the performance bonds. If F&D performed fully under the S&S contracts, then F&D did not breach the terms of the performance bonds. The arbitration panel found that White River wrongly withheld payment due under the S&S contracts in the amount of 1,656,756.00 dollars. *Motion for summary judgment* [#408], Exhibit 9 (Interim Arbitration Award), pp. 79 - 81. The total of the contract prices under the two S&S contracts was 4,318,500 dollars. *Motion for summary judgment* [#408], Exhibit 11 (S&S Contracts), CM/ECF pp. 2,11. Many of the payments which the arbitration panel determined to be due were based on change orders, which increased the contract price. Without question, White River's failure to make payment, as found by the arbitration panel, was a material breach of White River's payment obligations under the S&S contracts. These payments came due after F&D had taken over the projects and was working to complete them.

The arbitration panel excluded from its consideration four specific claims tied to White River's breach of contract claims against F&D. First, the arbitration panel noted that it did not resolve White River's claim based on the alleged failure of F&D and its contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings. *Interim Arbitration Award* [#408-9], p. 15, ¶ 57. Second, the arbitration panel noted that it did not resolve White River's claim based on the alleged failure of F&D and its contractors to install Tyvek in some portions of the

8

project. *Interim Arbitration Award* [#408-9], pp. 65 - 66, ¶ 2. Third, the arbitration panel noted that it did not resolve White River's claim for replacement costs to the extent that the panel did not determine the amount of any replacement costs to which White River might be entitled. *Motion for summary judgment* [#408], Exhibit 6 (Order on Motion for Determination of Law), ¶ 3. Fourth, the arbitration panel noted that it did not resolve White River's claim for liquidated damages. *Id.*, pp. 65 - 66, ¶ 2.

F&D notes that one element of a breach of contract claim is performance by the plaintiff or some justification for nonperformance. With White River's breach established, F&D asserts, White River cannot assert a counter-veiling breach of contract claim against F&D. I disagree. Even though F&D has established its claim that White River breached the S&S contracts, that does not preclude White River form asserting its counter-veiling claim that F&D also breached the contract. If established, such claims may, at minimum, establish a breach by F&D and demonstrate the need for a setoff against the damages awarded against White River and in favor of F&D by the arbitration panel.

Addressing the elements of issue preclusion, I find that White River did not have a full and fair opportunity to litigate in the arbitration its breach of performance bond claims based on (1) the alleged failure of F&D and its contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings; and (2) the alleged failure of F&D and its contractors to install Tyvek in some portions of the project. To the extent White River's damages claims for replacement costs or its claim for liquidated damages are tied to these two claims, White River did not have a full and fair opportunity to litigate these damages claims in the arbitration.

The arbitration panel explicitly excluded from its consideration each of these claims.[4]

On the other hand, I conclude that issue preclusion bars White River from asserting in this case all other claims that F&D breached the terms of the performance bond and the underlying S&S contracts. F&D's obligations under the contracts were considered and resolved by the arbitration panel. Except for the specific exceptions noted above, White River's breach of contract claims were as part of White River's affirmative defenses in the arbitration proceeding. *Motion for summary judgment* [#408], Exhibit 2 (Arbitration Answer), pp. 2-4. Resolution of these breach of contract claims in the arbitration also bars White River from asserting, in this case, any claim for replacement costs or liquidated damages which is not based on White River's claims asserting (1) the alleged failure of F&D and its contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings; and (2) the alleged failure of F&D and its contractors to install Tyvek in some portions of the project. All other breach of contract claims and associated claims for damages were addressed and resolved in the arbitration. In addition, White River is barred from asserting in this case any claim that it did not breach its obligations under the performance bonds and the S&S contracts by failing to make payment under the S&S Contracts. Those claims were addressed in detail and resolved in the arbitration proceeding.

Excluding the Excepted Contentions, the undisputed facts in the record show that all other breach of performance bonds claims asserted by White River are barred by issue preclusion. Specifically, I conclude that (1) the issues decided in the arbitration

---

[4] I will refer to these allegations and the associated damages claims as the Excepted Contentions.

are identical to the issues raised in the breach of performance bonds claim; (2) the parties to the two proceedings are identical; (3) the issues in the arbitration proceeding have been adjudicated finally on the merits; and (4) White River had a full and fair opportunity to litigate these issues in the arbitration.  Thus, F&D is entitled to summary judgment on the performance bond claim, excluding the two Excepted Contentions and associated claims for damages.

### B.  Bad Faith Breach of Insurance/Surety Contract

White River's bad faith claim is based on its contention that F&D failed to complete work on the project, and F&D attempted to hide and cover-up defective work on the project.  *Complaint* [#67], pp. 8 - 11.  White River argues that insurance bad faith can take many forms and the arbitration panel did not address every form at issue in this case.  The arbitration panel did not address the bad faith claim directly.  However, the panel addressed many factual contentions which might form the basis for a bad faith claim and found in favor of F&D on those factual issues.  These issues include alleged defects in F&D's performance under the contracts, including White River's claims that the work was defective and F&D attempted to hide and cover-up defective work.  However, to the extent the bad faith claim is based on the Excepted Contentions, as defined above, the factual contentions that are the basis of the bad faith claim were not addressed and resolved in the arbitration.

To the extent the bad faith claim is based on the myriad factual issues addressed and resolved by the arbitration panel, I conclude that White River is barred from asserting a factual contention in this case contrary to the conclusions of the arbitration panel.  As to such factual issues, the undisputed facts in the record show that (1) the

issues previously decided are identical with the issues presented in this case; (2) the prior action (the arbitration proceeding) has been finally adjudicated on the merits; (3) both White River entities were parties to the arbitration; and (4) White River had a full and fair opportunity to litigate these issues in the arbitration. As a result, issue preclusion bars White River from asserting contrary factual contentions in this case. On the other hand, neither issue preclusion nor claim preclusion bar White River from pursuing its bad faith claim to the extent it is based on the alleged conduct at issue in the Excepted Contentions.

F&D argues in its briefs that White River asserted bad faith as one of its affirmative defenses in the arbitration and, therefore, this affirmative defense was resolved in the arbitration. In the arbitration White River asserted the affirmative defense of breach of the covenant of good faith and fair dealing. *Arbitration Answer* [#408-2], ¶ 1 (adopting affirmative defense number 7). However, White River did not assert in the arbitration a claim of bad faith breach of insurance contracct.

### C. Civil Conspiracy

The arbitration panel did not resolve the Excepted Contentions. To the extent White River's civil conspiracy claim is based on one or both of these contentions, White River may prosecute its civil conspiracy claim in this court. However, as with its other claims, the doctrine of issue preclusion bars White River from asserting as a basis for its civil conspiracy claim any factual contentions contrary to the conclusion of the arbitration panel.

### D.  Breach of Express Warranty

As F&D notes, a breach of express warranty claim is a claim that the warranty provision of a contract has been breached.  White River does not disagree. As discussed above, F&D argues that all breach of contract claims, including breach of warranty, were resolved in the arbitration.

In its response [#413], White River asserts that its breach of warranty claim is based on certain non-conforming work which was not corrected by F&D within a reasonable time.  On the same bases discussed in relation to White River's breach of performance bonds claim, I conclude that White River's breach of warranty claim is not barred to the extent that claim is based on the Excepted Contentions.  Aside from these two contentions, the factual issues relevant to White River's warranty claim were resolved in the arbitration. The doctrine of issue preclusion bars White River from asserting as a basis for this claim factual contentions contrary to the conclusion of the arbitration panel.

### E.  Breach of Payment Bonds

The payment bonds concern payment for labor, materials, or equipment furnished for use in the performance of the underlying construction contract.  *Motion for summary judgment* [#408], Exhibit 12, CM/ECF pp. 7 - 9  (Payment Bond), ¶¶ 1 - 2. The bond requires the surety to indemnify and hold harmless the owner, here White River, from claims for payment for labor, materials, or equipment furnished for use in the performance of the underlying construction contract.  *Id.* ¶ 2. F&D contends that all issues concerning performance under the S&S contracts were resolved in the arbitration.  If White River was subject to a claim for payment for  labor, materials, or

13

equipment furnished for use in the performance of the S&S contracts, White River was obligated to raise this defense when addressing the breach of contract issues in the arbitration. There is no indication that White River raised this issue or ever claimed that it was subject to a claim for payment for labor, materials, or equipment furnished for use in the performance of the S&S contracts. Thus, claim preclusion bars White River from asserting this claim in this case.

### F. Deceit

Under Colorado law, the economic loss rule prevents a party from recovering in tort for a mere breach of contract. ***Town of Alma v. Azco Const., Inc.,*** 10 P.3d 1256, 1264 (Colo. 2000). That is, the failure to perform a contract generally does not give rise to liability in tort, unless there exist duties independent of the contract. ***Id.*** The factual allegations in White River's deceit claim are essentially the same allegations asserted in support of its bad faith breach of insurance contract claim. These allegations concern F&D's alleged attempt to hide and cover-up defective work on the project. The deceit claim is not based on duties independent of the contracts relevant to White River's claims. Therefore, this claim is barred by the economic loss rule. F&D is entitled to summary judgment on this claim.

### VI. CONCLUSION & ORDERS

To the extent White River's claims in this case are based on (1) the alleged failure of F&D and its contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings; or (2) the alleged failure of F&D and its contractors to install Tyvek in some portions of the project, and the associated damages claims, neither issue preclusion nor claim preclusion bar White

River's claims. These claims are the Excepted Contentions. To the extent White River's claims of breach of performance bonds, bad faith breach of insurance/surety contract, civil conspiracy, and breach of warranty claims are based on the Excepted Contentions, the motion for summary judgment is denied and White River may pursue those claims in this case. To the extent these claims are based on any other factual contentions, the motion for summary judgment is granted.

To clarify, issue preclusion bars White River from asserting in this case any claim not based on the Excepted Contentions. White River is barred from asserting any other claim that F&D breached the terms of the performance bond and the underlying S&S contracts in any way. White River is barred from asserting in this case any claim that it did not breach its obligations under the performance bonds and the S&S contracts by failing to make payment under the S&S Contracts. White River is barred from asserting in this case any factual contention that is contrary to the conclusions of the arbitration panel.

For the reasons discussed above, summary judgment is granted on the sixth claim for relief, breach of payment bonds, the seventh claim for relief, slander of title, and the eighth claim for relief, deceit. Without exception, F&D is entitled to summary judgment on these claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Fidelity and Deposit Company of Maryland's Motion for Summary Judgment** [#408] filed March 23, 2012, is **DENIED** to the extent White River's claims of breach of performance bonds, bad faith breach of insurance/surety contract, civil conspiracy, and breach of warranty are based on (1) the alleged failure of F&D and its

contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings; or (2) the alleged failure of F&D and its contractors to install Tyvek in some portions of the project, including any associated claim for replacement cost, damages, or liquidated damages;

    2. That **Fidelity and Deposit Company of Maryland's Motion for Summary Judgment** [#408] filed March 23, 2012, is **GRANTED** to the extent White River's claims of breach of performance bonds, bad faith breach of insurance/surety contract, civil conspiracy, and breach of warranty are based on any factual contention other than the two contentions enumerated in paragraph one (1), above; and

    3. That **Fidelity and Deposit Company of Maryland's Motion for Summary Judgment** [#408] filed March 23, 2012, is **GRANTED** as to the plaintiffs' sixth claim for relief, breach of payment bonds, seventh claim for relief, slander of title, and eighth claim for relief, deceit.

    Dated March 25, 2013, at Denver, Colorado.

                                                    **BY THE COURT:**

                                                    Robert E. Blackburn
                                                    United States District Judge