IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP and WHITE RIVER TOWNHOMES, LLC,

    Plaintiffs/Cross Defendants,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

    Defendant/Third-Party Plaintiff/Counter Defendant,

and

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado Corporation,

    Consolidated Defendant,

v.

COOKEY'S MECHANICAL, INC.,

    Third-Party Defendant/Counter Claimant/Cross Claimant/Counter Defendant,

S&S JOINT VENTURE,

    Third-Party Defendant/Cross Defendant/Counter Claimant,

CLASS CONSTRUCTION, INC.,
BELLAVISTA BUILDERS,
CRUZAN CONSTRUCTION COMPANY,
C.E.S.M, LLC,
G CONSTRUCTION, INC.,
RENTERIA ROOFING,
EC CONTRACTORS, LLC,
M.M. SKYLINE CONTRACTING, INC., a/k/a Skyline Contracting,
STAR PRECAST CONCRETE,
KOJIN CONSTRUCTION, LLC,
B&B PLUMBING, INC., d/b/a B&B Plumbing and Heating,
WILLIAM BERESFORD, d/b/a William Beresford Painting,
DEKKER/PERICH/SABATINI, LTD.,

    Third-Party Defendants,

JONATHAN REED & ASSOCIATES, INC.,

    Counter/Cross Defendant,

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant/Third Party Plaintiff Fidelity & Deposit Co. of Maryland's (F&D) renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Cookey's Mechanical's Counterclaims, Docket #162 ("Motion") [filed August 2, 2013; docket #461]. With its motion, F&D attached two documents in support of its position.[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #464]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based upon the record contained herein, the Court RECOMMENDS that the District Court **deny** F&D's motion to dismiss.[2]

### BACKGROUND

---

[1] Actually, F&D filed no attachments to the present renewed motion; rather, both F&D and Cookey's refer to documents that were attached to the original motion to dismiss filed on December 1, 2008. Docket #193. The Court finds that the renewed motion and the original motion are substantially similar, if not identical, to each other in form and content. Therefore, the Court will consider the documents attached to the original motion.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This case concerns the construction of a townhouse style apartment complex built in Rifle, Colorado (the "Project"). The Plaintiffs, White River Village and White River Townhomes, together with Counter/Cross Defendant Jonathan Reed & Associates (hereinafter "White River"), contracted with Third-Party Defendant S&S Joint Venture ("S&S") to construct the Project. At that time, the scheduled completion date for the Project was September 8, 2005, which was later extended to October 22, 2005. On January 23, 2006, White River's attorney issued a demand letter to Defendant/Third-Party Plaintiff Fidelity & Deposit Co. ("F&D"), acting as S&S's surety, advising it of an intention to declare S&S in default.

Thereafter, on March 8, 2006, White River elected to terminate S&S and sent its notice of default and termination of the Project Contract to F&D and to S&S's counsel. In this notice, White River placed demand upon F&D to indemnify it for all costs incurred to complete the Project over and above the contract amount. Pursuant to the terms of the surety bond, F&D elected to take over the Project and chose to retain S&S as its completion contractor. After a number of months, F&D determined that S&S was not performing; therefore, it terminated S&S and hired Perini Corporation as its completion contractor.

**I.   Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by Cookey's Mechanical (or construed liberally) in its Counterclaim, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Counterclaim, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Counterclaim and central to Cookey's Mechanical's claim, so long as the

authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Cookey's Mechanical (hereinafter referred to as "Cookey's") and S&S entered into a valid and enforceable subcontractor agreement ("Agreement") for performance of construction services/work related to the Project. Cookey's provided construction services/work on the Project pursuant to the terms of the Agreement.

On or about September 21, 2004, F&D, as surety, issued a payment bond on behalf of S&S, as principal. Cookey's, as well as all subcontractors retained by S&S, were intended beneficiaries of the payment bond. Cookey's provided construction services/work pursuant to the terms of its Agreement with S&S. As a result of S&S's default, Cookey's demanded payment from the surety pursuant to the payment bond for all sums due and owing under that bond. Cookey's timely and adequately requested payment pursuant to the terms and conditions of the bond. However, F&D refused to pay Cookey's for all sums due and owing.

## II.   Procedural History

This action was initiated on February 5, 2008, when Defendant F&D removed the case from Garfield County District Court. Plaintiff White River Village had filed four claims for Relief against F&D on January 24, 2008. Docket #1-5. F&D then removed the action and filed an answer, counterclaims against White River Village, and third-party claims against White River Townhomes and Jonathan Reed & Associates. Docket #5. The action proceeded to a Scheduling Conference on June 26, 2008. Thereafter, Judge Blackburn granted the unopposed motion to consolidate this case with Civil Action No. 08-cv-00359-REB-KMT, brought by White River Townhomes against F&D and Defendant Hepworth-Pawlak Geotechnical ("Hepworth), on July 16, 2008. Dockets ## 24, 27. On August 21, 2008, Magistrate Judge Boland granted Plaintiff's motion to amend; thus, one of the

4

operative pleadings in this case is the Amended Complaint filed August 21, 2008 (docket #67) by the White River Plaintiffs against F&D. On September 5, 2008, F&D filed another operative pleading – an answer to the Amended Complaint, Counterclaims against White River, and a Third-Party Complaint against Jonathan Reed; the contractor S&S; the architect Dekker/Perich/Sabatini, Ltd.; 12 named S&S subcontractors (including Cookey's) and 10 "John Doe" S&S subcontractors; and three named Perini subcontractors and 10 "John Doe" Perini subcontractors. Docket #65. Against the subcontractors, F&D brings claims of breach of contract, contractual indemnification, breach of express warranty, contribution and negligence. *Id.*

On October 21, 2008, Cookey's filed an answer to the Third-Party Complaint (docket #139); then, on November 10, 2008, Cookey's filed an amended answer to the Third-Party Complaint, a Counterclaim against F&D for breach of payment bond, and Cross Claims against S&S for breach of contract and against White River and Jonathan Reed for unjust enrichment. Docket #162. For purposes of the present motion, Cookey's amended pleading is the operative at-issue pleading.

On December 1, 2008, F&D filed a motion to dismiss Cookey's counterclaim. Docket #193. However, on March 23, 2009, Judge Blackburn granted F&D's motion to compel arbitration of F&D's counterclaims and third-party claims against White River, Jonathan Reed and Dave Palardy Painting, and stayed the litigation of all other remaining claims pending the outcome of the arbitration. Docket #301. Later, on October 4, 2010, Judge Blackburn administratively closed the case, subject to re-opening for good cause. Docket #338. All pending motions were terminated.

On September 28, 2011, Judge Blackburn re-opened the case for the sole purpose of ruling on two pending motions, then administratively closed the case again in the same order. Docket #399. On March 23, 2012, F&D filed a motion to re-open the case for the limited purpose of ruling on a motion for summary judgment filed the same day. Dockets ##407, 408. On May 18, 2012,

White River filed a motion to confirm arbitration award and to stay enforcement of the judgment. Docket #418. Thereafter, on January 29, 2013, F&D filed a "supplemental" motion regarding confirmation of the arbitration award. Docket #426. On March 25, 2013, Judge Blackburn re-opened the case to rule on the pending motions and instructed the undersigned to hold a supplemental scheduling conference. Docket #430. The Scheduling Conference was held on May 2, 2013; due to apparent confusion over the remaining claims/parties in this case, this Court directed the parties to file statements of affirmative claims on or before August 2, 2013. Docket #456.

On August 2, 2013, Cookey's filed its statement of affirmative claims and, on the same date, F&D filed the present renewed motion to dismiss Cookey's second counterclaim against F&D for breach of the payment bond. Dockets ## 460, 461. F&D argues that the counterclaim is barred by the statute of limitations contained in the payment bond. Motion, ¶ 8, docket #461. Specificially, F&D claims that Cookey's made a payment bond claim in or about May 2006, and F&D denied the claim on July 5, 2006; thus, F&D argues Cookey's must have brought its counterclaim on or before July 5, 2007. *Id.*, ¶ 10. F&D further seeks attorney's fees claiming Cookey's counterclaim is frivolous pursuant to Colo. Rev. Stat. § 13-17-102(4). In support of its motion, F&D relies on two documents attached to its original motion to dismiss: (1) a copy of the payment bond at issue, and (2) a copy of the letter denying Cookey's claim under the payment bond. *See* dockets ##193-1 and 193-2.

Cookey's responds that F&D's motion must be converted to a motion for summary judgment since F&D relies upon documents outside of the pleadings. Response, docket #480. Cookey's further argues that the plain terms of the payment bond contradict F&D's argument that the counterclaim is untimely, that F&D concedes that the limitations period in the bond had not been triggered, that Colo. Rev. Stat. § 13-80-108 revives any stale counterclaim, and that Cookey's

provided both services and materials for the Project and, thus, the statute of limitations cannot be modified by agreement of the parties pursuant to Colo. Rev. Stat. § 4-2-725(1). *Id.*

Because F&D clearly relied upon documents that were not attached to any pleadings in this case, the Court converted the motion to a motion for summary judgment on August 29, 2013. Docket #483. The Court granted the parties leave to file any briefing or other materials in response to the motion for summary judgment, and permitted Cookey's the opportunity to respond to any new materials submitted by F&D. *Id.*

F&D filed a reply brief in support of its motion on September 4, 2013. Reply, docket #487. F&D contends that the motion need not be converted to a motion for summary judgment because the documents relied upon are "referred to in the complaint and central to the plaintiff's claims." *Id.* at 3. F&D also argues that Cookey's interpretation of the limitations clause in the payment bond is inconsistent with its plain language. Further, F&D contends that, even if the one-year limitation does not apply, Cookey's counterclaim is barred by Colorado's bond statute, which contains a six-month statute of limitations. *Id.* at 5. Additionally, F&D asserts that equitable estoppel does not apply because F&D reasonably relied on the pay-if-paid clause in Cookey's contract with S&S in denying Cookey's payment bond claim and because there is no indication F&D "lulled" Cookey's into forestalling filing a lawsuit. *Id.* at 6-7. Moreover, F&D states that the counterclaim is not revived by § 13-80-109 because F&D's third-party claim against Cookey's under the performance bond is separate and distinct from the counterclaim under the payment bond. *Id.* at 8-9. Finally, F&D argues that the UCC does not apply to the clear language of Cookey's counterclaim. *Id.* at 9.

Upon initial review of all briefing including the counterclaim at issue here (docket #162), the Court discovered a potential issue concerning subject matter jurisdiction. In the Tenth Circuit, courts "examine the face of the complaint to determine whether a party has adequately presented

7

facts sufficient to establish diversity jurisdiction. The party asserting jurisdiction must allege facts essential to show jurisdiction." *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (quoting *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993)). In its pleading, Cookey's had failed to allege any basis for the Court's subject matter jurisdiction. Further, Cookey's alleged no claims upon which federal question jurisdiction might be based and, with respect to diversity jurisdiction, alleged that its damages are "in excess of $20,000, notwithstanding interest and penalties," but did not state whether its damages reach the statutory minimum for diversity jurisdiction. Consequently, the Court could not determine from the face of the counterclaim or from the applicable record whether the Court has subject matter jurisdiction over Cookey's counterclaim and/or cross claims. Therefore, the Court issued an order on September 16, 2013 for Cookey's to show cause why its counterclaim should not be dismissed for the Court's lack of jurisdiction. Docket #497. Cookey's timely responded on September 30, 2013, arguing that the Court has supplemental jurisdiction over its claims pursuant to 28 U.S.C. § 1367(b) as it has ancillary jurisdiction over Cookey's Rule 14 claims pursuant to Tenth Circuit law. *See* docket #507.

The Court has reviewed the present motion, briefs and all exhibits in this matter and is now fully advised.

## **LEGAL STANDARDS**

Upon review of F&D's arguments presented in the reply brief and the documents attached to the original motion to dismiss, the Court is persuaded that it need not convert the present motion to a motion for summary judgment. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (typically, a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, but "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents'

8

authenticity.") (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

No party here challenges the authenticity of the copies of the payment bond and denial letter attached to the motion. Further, the documents are central to Cookey's counterclaim, which is wholly based upon F&D's denial of Cookey's demand made upon the payment bond. Accordingly, Cookey's was sufficiently on notice of the documents' contents. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and th[e] rationale for conversion to summary judgment dissipates."). Therefore, the Court will, by separate order, vacate its August 29, 2013 order converting the motion to a motion for summary judgment and analyze the motion pursuant to Fed. R. Civ. P. 12(b)(6) and, *sua sponte*, pursuant to Fed. R. Civ. P. 12(b)(1).

**I.      Dismissal under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly,

9

Cookey's in this case bears the burden of establishing that this Court has jurisdiction to hear its claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The Court's *sua sponte* analysis here presents a facial challenge regarding the Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Counterclaim's factual allegations.

## II. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-79. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 679. If the factual allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## ANALYSIS

The Court will analyze first whether it has subject matter jurisdiction over Cookey's counterclaim and, if so, will proceed to determine whether the counterclaim is barred by the applicable statute of limitations. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) ("When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.").

## I. Jurisdiction

Cookey's asserts that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its state law counterclaim and cross claims, as the Court retains "ancillary jurisdiction" to hear the claims pursuant to Fed. R. Civ. P. 14 and to Tenth Circuit law interpreting this rule. The Court agrees that it may retain supplemental jurisdiction over the counterclaim and will discharge its order to show cause.

First, the Court finds instructive an opinion out of the Western District of Michigan describing the "history" of theories now supporting the doctrine of supplemental jurisdiction:

> Where the third-party complaint shares a "common nucleus of operative fact" with the case already before the court, the third-party action does not require an independent jurisdictional basis. Traditionally, such third-party claims were deemed to be within the court's "ancillary jurisdiction." Under traditional terminology, pendent jurisdiction allowed a *plaintiff* to join state-law claims to a federal claim when all claims arose from a common nucleus of operative fact. The doctrine of ancillary jurisdiction worked in favor of *defendants*, empowering defendants to assert claims against a third-party defendant without regard to whether there is an independent basis of jurisdiction, so long as the court has jurisdiction of the main claim between the original parties. In 1990, Congress passed 28 U.S.C. § 1367, which codified these common-law concepts, bringing them all under the umbrella of "supplemental jurisdiction." It remains clear under the statute that "supplemental jurisdiction exists over a properly brought third-party complaint."

*Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F. Supp. 2d 602, 619-20 (W.D. Mich. 2009) (citing *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir. 1990)) (other citations omitted) (emphasis in original).

The statute governing supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the

> joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367 (2012). As set forth in subsection (b) above, in a case originally founded on diversity jurisdiction, a federal court may not exercise supplemental jurisdiction over an *original* plaintiff's claims against a third-party defendant unless those claims independently meet the requirements for diversity jurisdiction; the subsection does not apply to a *third-party* plaintiff's claims against a third-party defendant. *Continental Cas. Co. v. Auto Plus Ins. Agency, LLC*, 676 F. Supp. 2d 657, 665 (N.D. Ohio 2009) (citing *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004)). Likewise, in the Tenth Circuit, a district court has supplemental jurisdiction over third-party claims (governed by Fed. R. Civ. P. 14) without regard to whether there is an independent basis for jurisdiction, if the court had jurisdiction over the main claims between the original parties. *King Fisher Marine Serv., Inc.*, 893 F.2d at 1161; *see also Grimes*, 355 F.3d at 572 (third-party claims under Rule 14(a) do not require an independent jurisdictional basis and fall within court's supplemental jurisdiction if impleaded defendant's actions share a "common nucleus of operative fact" with the case already before the court).

In this case, the operative original pleading alleges facts supporting a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Amended Complaint, docket #67. In addition, the operative Third-Party Complaint specifically alleges a basis for jurisdiction pursuant to 28 U.S.C. § 1332. Counterclaim and Third-Party Claims, ¶ 24, docket #65 at 24. Therefore, although Cookey's, a third-party defendant, did not allege any basis for jurisdiction, the Court may exercise

13

supplemental jurisdiction over its counterclaim against F&D as long as the counterclaim arose out of the same transaction or occurrence as the initial claim for liability. *King Fisher Marine Serv., Inc.*, 893 F.2d at 1171.

The Court finds easily that Cookey's counterclaim for breach of payment bond arose out of the same transaction or occurrence alleged in the operative original pleading. Cookey's claim arises from alleged problems with the completion of the White River Project, for which F&D succeeded S&S as the contractor on the Project. White River's claims arise from the same alleged problems with the Project's completion, as do F&D's counterclaims and third-party claims. In fact, Cookey's counterclaim does not name any non-party nor does Cookey's allege claims against any non-party in its pleading. Accordingly, the Court recommends that the District Court find it may exercise supplemental jurisdiction over the counterclaim at issue in the present motion.

The Court acknowledges that the exercise of supplemental jurisdiction is discretionary. However, all relevant information currently before the Court suggests that the District Court is unlikely to decline to exercise supplemental jurisdiction at this stage of the litigation and that none of the exceptions set forth in § 1367(c) apply. *See* 28 U.S.C. § 1367(c) (2013) (stating "district courts may decline to exercise supplemental jurisdiction" if: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction").

Cookey's does not contest that it did not properly allege a basis for jurisdiction over its counterclaim and cross claims in the operative pleading. Rather, Cookey's "requests that its assertion of jurisdiction over the cross claims and counterclaims [sic] pursuant to 28 U.S.C. § 1367

14

be incorporated by reference into Cookey's Amended Answer to Fidelity and Deposit Company of Maryland's ('Fidelity's') Third Party Complaint incorporating Counterclaims and Cross Claims [Doc. #162]." Response to Order to Show Cause, ¶ 14, docket #507.

It is improper to seek relief from the Court in a response brief. *See* D.C. Colo. LCivR 7.1C. However, "[f]ederal law provides that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'" *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (citing 28 U.S.C. § 1653 (1994)). "The intention of Congress in enacting this statute was to broadly permit amendment of jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds." *Id.* (citing *Hung Duc Bui v. IBP, Inc.*, 201 F.R.D. 509, 513 (D. Kan. 2001) (citing *Brennan v. University of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)). Therefore, the Court further recommends that Cookey's be permitted to amend its third-party pleading to allege the proper basis for the Court's subject-matter jurisdiction.

## II.     Statute of Limitations

In the event that the District Court agree with this Court's recommendation concerning jurisdiction, the Court will proceed with determining whether the counterclaim should be dismissed as barred by the applicable statute of limitations. This is a diversity action; therefore, the Court will "apply the substantive law of the forum state, including its choice of law rules." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009) (citation and internal quotation marks omitted).

F&D argues that Cookey's counterclaim is barred by the plain language of the limitations clause in the payment bond or, otherwise, by the six-month limitation of the applicable bond statute. Cookey's counters that the plain terms of the payment bond contradict F&D's argument that the counterclaim is untimely, that F&D concedes that the limitations period in the bond had not been

15

triggered, that Colo. Rev. Stat. § 13-80-108 revives any stale counterclaim, and that Cookey's provided both services and materials for the Project and, thus, the statute of limitations cannot be modified by agreement of the parties pursuant to Colo. Rev. Stat. § 4-2-725(1). The Court will address each argument in turn, as necessary.

The limitations clause at issue in this case is found in the payment bond at paragraph 11 and provides as follows:

> No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located *or* after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

Payment Bond, ¶ 11, docket #193-1 at 3 (emphasis added). Colorado courts have held that "parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations." *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 539 (Colo. App. 2006) (citing *Hepp v. United Airlines, Inc.*, 540 P.2d 1141, 1143 (Colo. App. 1975) (explaining that "[i]n Colorado such a contractual limitation is enforceable, provided that the period in which the action must be brought is reasonable and that the provision has not been waived.")); *see also Kesling v. Am. Family Mut. Ins. Co.*, 861 F. Supp. 2d 1274, 1281 (D. Colo. 2012) (holding that an insurance contract's one-year contractual time limit for commencing litigation is not contrary to Colorado law).

Here, F&D contends that the plain language of the bond imposes a one-year statute of limitations for actions brought challenging the bond. Cookey's counters that the language of the clause itself does not limit the time period for actions filed "in a court of competent jurisdiction in

16

the location in which the work or part of the work is located." In other words, Cookey's contends that the conjunction "or," which is emphasized in the paragraph above, allows suits to be filed in a competent court located in the work area at any time <u>or</u> in a court located outside of the work area within the time limit imposed.

F&D replies that Cookey's interpretation is incorrect and inconsistent with the intent of the clause. Essentially F&D asserts that the "or" should be read in conjunction with the subject/verb of the sentence, "No suit or action shall be commenced by a Claimant under this Bond," such that a claim under the bond may <u>not</u> be filed unless in a court of competent jurisdiction located in the work area <u>nor</u> after the expiration of the imposed time period.

"Interpretation of the language of a contract and determination whether a contract is ambiguous are questions of law." *Rocky Mountain Health Maint. Org., Inc. v. Colorado Dep't of Health Care Policy & Financing*, 54 P.3d 913, 919 (Colo. App. 2001), *cert. denied*, (Colo. Aug. 26, 2002) (citations omitted). With respect to determining whether a contract term is ambiguous,

> A contract term is ambiguous if it is reasonably susceptible to more than one meaning, but the potential for more than one interpretation does not, in itself, create ambiguity. To ascertain whether an agreement is ambiguous, the agreement's language should be construed in accordance with the plain and generally accepted meaning of the words employed.
>
> In determining whether a contract is ambiguous, a court may consider extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage and of the circumstances surrounding the making of the contract. But, the court may not consider the parties' own extrinsic expressions of intent.
>
> Written contracts that are complete and free from ambiguity will be found to express the intention of the parties and will be enforced according to the plain language.

*Id.* (citations omitted).

Here, F&D provides only a copy of the bond and argues that the "plain language" of the clause demonstrates Cookey's counterclaim is barred. Cookey's counters that the same "plain

17

language" demonstrates the opposite. Analyzing only that which F&D has provided and which the Court may consider in determining ambiguity here -- the payment bond -- the Court concludes that the language of paragraph 11 is ambiguous as to the parties' intent in limiting the time period for lawsuits brought challenging the payment bond. *See Rocky Mountain Health*, 54 P.3d at 919 ("Once a contract is determined to be ambiguous, its interpretation becomes an issue of fact for the trial court to decide in the same manner as other disputed factual issues.") (citing *Pepcol Mfg. Co. V. Denver Union Corp.*, 687 P.2d 1310, 1314 (Colo. 1984)).

Pursuant to *Rocky Mountain Health*, the primary issue here is whether the language is "reasonably susceptible to more than one meaning." F&D argues that Cookey's interpretation of the clause is inconsistent with the parties' intent, impractical and unsupported by legal authority. However, the Court notes that F&D's arguments concerning the "plain language" of the limitations clause also are unsupported by any legal authority. Further, the Court is not permitted to consider the parties' own extrinsic expressions of intent. *Rocky Mountain Health*, 54 P.3d at 919.

With respect to F&D's argument that Cookey's interpretation "makes no sense" and is "impractical" due to jurisdiction and venue concerns, the venue statute, 28 U.S.C. § 1391, actually allows for lawsuits to be filed in "a judicial district in which any defendant resides," "any judicial district in which any defendant is subject to the court's personal jurisdiction," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). In other words, claimants may file an action where the defendant resides and/or is subject to personal jurisdiction, or where a substantial part of the work took place. It need not be both. Thus, considering only the language of the payment bond, Cookey's interpretation that the time limitation of paragraph 11 applies only to claims brought in a court located outside of the work area is not unreasonable.

Certainly, the conjunction, "or," in the clause appears to be a poor choice to clearly express the intent of the clause. F&D's argument suggests that "nor" would be a better word choice. Here, however, F&D brought its motion pursuant to Fed. R. Civ. P. 12(b)(6) and presented no other "extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage and of the circumstances surrounding the making of the contract." *See Rocky Mountain Health*, 54 P.3d at 919. Under these circumstances, the Court may consider only the language of the payment bond itself to determine ambiguity. In so doing, the Court concludes that the limitations clause, as written, is reasonably susceptible to more than one meaning and, thus, ambiguous as to the intent of the parties. Interpretation of the limitations clause, then, is an issue of fact that must be determined by the trier of fact in this case. Accordingly, the Court recommends that the District Court deny F&D's motion to dismiss Cookey's counterclaim as barred by the statute of limitations.

Because the Court agrees that the plain language of the payment bond is ambiguous as to the parties' intent concerning the limitations period for filing claims under the bond, it need not analyze Cookey's remaining challenges to F&D's motion. However, with respect to F&D's contention that Cookey's counterclaim is otherwise governed by Colorado's bond statute, which contains a six-month statute of limitations, the Court concludes that, according to the parties' agreement (the payment bond), such statute applies only if "the provisions of this Paragraph are void or prohibited by law." *See* Payment Bond, ¶ 11, docket #193-1 at 3. No such finding has been made in this case; thus, the bond statute's limitation provision would not apply here and the payment bond governs.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that the District Court **DENY** Defendant/Third Party Plaintiff Fidelity & Deposit Co. of Maryland's (F&D) renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Cookey's Mechanical's Counterclaims, Docket #162

("Motion") [filed August 2, 2013; docket #461].

Dated at Denver, Colorado, this 7th day of October, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge