IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-BNB)

WHITE RIVER VILLAGE, LLP and WHITE RIVER TOWNHOMES, LLC,

    Plaintiffs/Cross Defendants,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

    Defendant/Third-Party Plaintiff/Counter Defendant,

and

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado Corporation,

    Consolidated Defendant,

v.

COOKEY'S MECHANICAL, INC.,

    Third-Party Defendant/Counter Claimant/Cross Claimant/Counter Defendant,

S&S JOINT VENTURE,

    Third-Party Defendant/Cross Defendant/Counter Claimant,

CLASS CONSTRUCTION, INC.,
BELLAVISTA BUILDERS,
CRUZAN CONSTRUCTION COMPANY,
C.E.S.M, LLC,
G CONSTRUCTION, INC.,
RENTERIA ROOFING,
EC CONTRACTORS, LLC,
M.M. SKYLINE CONTRACTING, INC., a/k/a Skyline Contracting,
KOJIN CONSTRUCTION, LLC,
B&B PLUMBING, INC., d/b/a B&B Plumbing and Heating,
WILLIAM BERESFORD, d/b/a William Beresford Painting,
DEKKER/PERICH/SABATINI, LTD.,

    Third-Party Defendants,

JONATHAN REED & ASSOCIATES, INC.,

 Counter/Cross Defendant,

## ORDER RE: MOTIONS TO AMEND

**Michael E. Hegarty, United States Magistrate Judge**.

 Before the Court is Third Party Defendant Dekker/Perich/Sabatini's ("DPS") Motion for Leave to File First Amended Answer to Third-Party Plaintiff Fidelity and Deposit Company of Maryland's ("F&D") Third-Party Complaint [filed September 23, 2013; docket #500]; Defendant/Third Party Plaintiff F&D' Motion for Leave to File Amended Counterclaims and Amended Third-Party Complaint Against White River and [DPS] [filed September 30, 2013; docket #505]; and Plaintiffs White River Village, LLP and White River Townhomes, LLC and Third-Party Defendant Jonathan Reed and Associates, Inc.'s ("White River parties") Motion for Leave to File Second Amended Complaint [filed September 30, 2013; docket #509]. In accordance with 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, these matters are referred to this Court for disposition. The motions are fully briefed, and oral argument would not materially assist the Court in its adjudication of the motions. Based upon the record contained herein, the Court **grants** the motions.

## BACKGROUND

 This case concerns the construction of a townhouse style apartment complex built in Rifle, Colorado (the "Project"). The Plaintiffs, White River Village and White River Townhomes, together with Third-Party Defendant Jonathan Reed & Associates (hereinafter "White River"), contracted with Third-Party Defendant S&S Joint Venture ("S&S") to construct the Project. At that time, the scheduled completion date for the Project was September 8, 2005, which was later extended to

2

October 22, 2005. On January 23, 2006, White River's attorney issued a demand letter to Defendant/Third-Party Plaintiff Fidelity & Deposit Co. ("F&D"), acting as S&S's surety, advising it of an intention to declare S&S in default.

Thereafter, on March 8, 2006, White River elected to terminate S&S and sent its notice of default and termination of the Project Contract to F&D and to S&S's counsel. In this notice, White River placed demand upon F&D to indemnify it for all costs incurred to complete the Project over and above the contract amount. Pursuant to the terms of the surety bond, F&D elected to take over the Project and chose to retain S&S as its completion contractor. After a number of months, F&D determined that S&S was not performing; therefore, it terminated S&S and hired Perini Corporation as its completion contractor.

This action was initiated on February 5, 2008, when Defendant F&D removed the case from Garfield County District Court. Plaintiff White River Village had filed four claims for Relief against F&D on January 24, 2008. Docket #1-5. F&D then removed the action and filed an answer, counterclaims against White River Village, and third-party claims against White River Townhomes and Jonathan Reed & Associates. Docket #5. The action proceeded to a Scheduling Conference on June 26, 2008. Thereafter, Judge Blackburn granted the unopposed motion to consolidate this case with Civil Action No. 08-cv-00359-REB-KMT, brought by White River Townhomes against F&D and Defendant Hepworth-Pawlak Geotechnical ("Hepworth"), on July 16, 2008. Dockets ## 24, 27. On August 21, 2008, Magistrate Judge Boland granted Plaintiff's motion to amend; thus, one of the operative pleadings in this case is the Amended Complaint filed August 21, 2008 (docket #67) by the White River Plaintiffs against F&D. On September 5, 2008, F&D filed another operative pleading – an answer to the Amended Complaint, Counterclaims against White River, and a Third-Party Complaint against Jonathan Reed; the contractor S&S; the architect Dekker/Perich/Sabatini,

Ltd.; 12 named S&S subcontractors and 10 "John Doe" S&S subcontractors; and three named Perini subcontractors and 10 "John Doe" Perini subcontractors. Docket #65. Against the subcontractors, F&D brings claims of breach of contract, contractual indemnification, breach of express warranty, contribution and negligence. *Id.*

On March 23, 2009, Judge Blackburn granted F&D's motion to compel arbitration of F&D's counterclaims and third-party claims against White River, Reed and Dave Palardy Painting, and stayed the litigation of all other remaining claims pending the outcome of the arbitration. Docket #301. Later, on October 4, 2010, Judge Blackburn administratively closed the case, subject to re-opening for good cause. Docket #338. All pending motions were terminated.

On September 28, 2011, Judge Blackburn re-opened the case for the sole purpose of ruling on two pending motions, then administratively closed the case again in the same order. Docket #399. On March 23, 2012, F&D filed a motion to re-open the case for the limited purpose of ruling on a motion for summary judgment filed the same day. Dockets ##407, 408. On May 18, 2012, White River filed a motion to confirm arbitration award and to stay enforcement of the judgment. Docket #418. Thereafter, on January 29, 2013, F&D filed a "supplemental" motion regarding confirmation of the arbitration award. Docket #426. On March 25, 2013, Judge Blackburn re-opened the case to rule on the pending motions and instructed the undersigned to hold a supplemental scheduling conference. Docket #430.

The Scheduling Conference was held on May 2, 2013; due to apparent confusion over the remaining claims/parties in this case, this Court directed the parties to file statements of affirmative claims on or before August 2, 2013. Docket #456. Based upon its operative pleading and the order on summary judgment issued by the Honorable Robert E. Blackburn, White River submitted its statement on July 15, 2013 listing, as relevant here, the following claims against F&D: (1) breach

of performance bond; (2) bad faith breach of surety contract; (3) civil conspiracy; and (4) breach of warranty. Docket #457. White River's recovery of damages on these claims is limited to: "(1) the alleged failure of F&D and its contractors to remove all pre-existing mold and other damaged materials prior to the replacement of decks on the buildings; and (2) the alleged failure of F&D and its contractors to install Tyvek in some portions of the project, including any associated claim for replacement costs, damages or liquidated damages." *Id.*; *see also* May 2, 2013 Order re: Summary Judgment, docket #432.

F&D, which prevailed on its counterclaims against the White River parties at arbitration, filed its statement on August 2, 2013 asserting a negligent representation claim against DPS. Docket #463. DPS' operative Answer contains no affirmative claims and, thus, DPS did not file a statement of affirmative claims within the time period ordered by the Court. *See* docket #142.

The present motions to amend were filed September 23, 2013 and September 30, 2013.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the original pleading or service of a responsive pleading or Rule 12 motion, a party may amend its pleading[1] only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2013). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Leave

---

[1] An answer is a pleading pursuant to Fed. R. Civ. P. 7(a)(2). An amendment to a counterclaim is governed by Rule 15. *See* Fed. R. Civ. P. 13 advisory committee's note 2009.

5

to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*; *see also Foman,* 371 U.S. at 182.

## MOTIONS

### I.     DPS' Motion to Amend Answer

In its motion, DPS seeks to add to its Answer the affirmative defenses of res judicata (a/k/a claim preclusion) and collateral estoppel (a/k/a issue preclusion). DPS claims that the final arbitration award entered in favor of F&D forms the basis for its motion, and that to the extent the award has a preclusive effect on F&D's claim against DPS, justice dictates that DPS have the ability to pursue the affirmative defenses.

F&D counters that the affirmative defenses, which are asserted in a pending motion for summary judgment filed by DPS, are inapplicable to F&D's claim against DPS. Further, F&D asserts that DPS waited nearly six months after the arbitration award to pursue the addition of the affirmative defenses without an adequate explanation.

DPS replies that F&D confuses the doctrine of claim preclusion with the doctrine of issue preclusion and asserts that its affirmative defense of issue preclusion is grounded on the arbitration panel's opinion concerning the "issue" of DPS' alleged misrepresentation. Further, DPS contends that its motion is timely, in that the Court's confirmation of the arbitration award was not entered until March 25, 2013, and the case was temporarily "stayed" from May 2, 2013 to August 15, 2013 at which time discovery commenced.

First, the Court agrees with DPS that its motion is timely. In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan*, 397 F.3d at 1315; *see also Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not

simply whether a plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). Here, DPS is correct that this case has been stayed at various times in its history, including for several months this year. DPS timely filed its request for amendment within the time period established by the governing Scheduling Order, which sets the deadline for amendment of pleadings as September 30, 2013. Docket # 477. Accordingly, the Court construes no delay here, much less undue delay.

Second, with respect to F&D's futility argument, the Court notes F&D's acknowledgment that DPS has raised the doctrines of claim and issue preclusion in its motion for summary judgment pending before Judge Blackburn. Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the motion for summary judgment currently pending before the District Court in this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished). Argument about the application of Rule 15(a) in this matter may serve only to interfere with the adjudication of a motion already pending before Judge Blackburn.

Thus, the Court finds that F&D's argument is more properly adjudicated in its response to the summary judgment motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 56 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, F&D will be better served by awaiting an order by Judge Blackburn on the pending Rule 56 argument. *See General Steel Domestic Sales, LLC v.*

*Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

Accordingly, DPS' motion for leave to amend its answer is granted. DPS is directed to file the attached First Amended Answer in accordance with D.C. Colo. LCivR 10.1E and all other applicable rules on or before November 22, 2013.

**II.     White River's Motion to Amend First Amended Complaint**

In the present motion, the White River parties seek to add a claim for punitive damages against F&D. White River contends that it has learned F&D's retained contractor, Perini Corporation ("Perini"), knew and acknowledged in writing in 2007 that a significant amount of Tyvek (building wrap) was missing or improperly installed throughout the property, but failed to correct the problem. Perini acknowledged that its attempt to address the problem would not make the product fully warrantable. Neither Perini nor F&D notified White River of this problem. White River's expert has concluded through his investigation of the property that Perini improperly installed the Tyvek, as he found extensive moisture and mold damage to the property's exterior walls where moisture penetrated the Tyvek during Perini's replacement of the decks.

Further, White River alleges that F&D/Perini has failed to comply with its agreement to remediate mold and dry rot found in 2007 and 2008 by an environmental company, which devised the remediation protocol at that time. White River asserts that the environmental company investigated the property again in May 2013 and concluded that F&D/Perini did not follow the protocol and, instead, implemented its own mitigation effort which was wholly inadequate. White River contends that this new information gives rise to increased physical damages and costs of repair at the property.

F&D counters that White River fails to state sufficient facts supporting a claim for punitive damages and, alternatively, the Court has already precluded White River from raising such claims

in this action because they fall outside the "Excepted Contentions" defined by the Court in its summary judgment order. Moreover, F&D asserts that White River's requested amendments are unduly delayed.

White River replies that its amendments are not delayed considering they are based upon investigation by White River's experts in May 2013 and are brought within the deadline set by the governing scheduling order. White River also argues that its allegations concerning punitive damages would survive a Rule 12(b)(6) analysis and that its dispute with F&D's rendition of the facts suggests the dispute should be tried on its merits.

In Colorado, exemplary or punitive damages are available only by statute. *Stamp v. Vail Corp.*, 172 P.3d 437, 447 n.12 (Colo. 2007) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). White River seeks to amend under Colorado's general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a). (*See* docket #25 at 14.) Section 13-21-102(1.5)(a) states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). Thus, in order for an amendment seeking exemplary damages to be proper, the Court must find White River establishes prima facie proof of a triable issue that F&D purposefully behaved in a dangerous,

9

heedless and reckless manner "without regard to consequences, or of the rights and safety of others."

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in and for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). A plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id*.

Here, the Court finds that White River's proposed amendment for a claim of exemplary damages is not precluded by undue delay, for the same reasons stated above in its analysis of DPS' motion. The present motion was filed on September 30, 2013, the deadline set by this Court for joinder of parties and amendment of pleadings. Docket #477. Regarding undue prejudice, the Court finds that discovery has recently begun in this case (*id.*) and F&D will have sufficient time to prepare its defense, if any.

Finally, the Court concludes amendment would not be futile because, considering the allegations presented by White River, *prima facie* proof of a triable issue of "willful or wanton conduct" exists. A futility analysis looks to whether claims as alleged in the amended complaint would survive a motion to dismiss. *See Hawkinson v. Montoya*, 385 F. App'x 836, 840 (10th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

White River bases its allegations of willful and wanton conduct on expert findings to support White River's contention that F&D knew about mold problems throughout the project, including "black mold," but did not honor its agreement to remediate pursuant to the environmental company's negotiated protocol and, otherwise, ignored the problems and/or refused to fix them. F&D's

opposition to these allegations is expected, but not appropriate in considering futility of the amendments; rather, the Court must take White River's allegations as true. In determining that White River has established a triable issue, the Court does not pre-adjudicate the culpability of F&D; the Court simply concludes that the claim is properly supported through discovery and should be permitted to proceed as a triable issue.

Accordingly, the Court grants White River's motion for leave to file a Second Amended Complaint. The Clerk of the Court is directed to file the Second Amended Complaint, located at docket #509-5.

### III.     F&D's Motion to Amend Counterclaims and Third-Party Complaint

F&D seeks to add claims for civil conspiracy against White River and DPS and a claim for negligent design against DPS. F&D asserts that its claims arise from information discovered and the panel's findings at the arbitration. F&D alleges that White River and DPS conspired with each other (and others) in an attempt to induce F&D to pay for the implementation of a new civil engineering design, despite their knowledge that the work included in the new design was "extra" work not covered under the scope of the original contract. F&D also alleges that, under the doctrine of equitable subrogation, it is entitled to assert a claim against DPS for design defects relating to the decks F&D paid to remove and replace.

White River counters that, since the issues F&D raises with its purported conspiracy claim were fully adjudicated during arbitration, F&D cannot recover twice for the same injury; as such, the amendment would be futile. F&D replies that its damages from the conspiracy are different than those contract damages sought in the arbitration, and are brought here against White River and DPS jointly and severally. F&D also contends that it has recovered nothing yet nor has been awarded damages against DPS; thus, the suggestion that F&D might recover twice is incorrect.

DPS counters that F&D's negligent design claim is untimely in that F&D brought essentially the same claim against White River in 2008 and the arbitration award does not justify the delay. Further, DPS contends that the doctrine of equitable subrogation is inapplicable here because the tort of negligent design arises from a contract between White River and DPS, and the economic loss rule bars recovery for such claim. DPS also argues that the conspiracy claim is untimely and futile because it fails to allege any "meeting of the minds," fails to allege a fraud with specificity and fails to allege detrimental reliance, all necessary to state a claim for civil conspiracy.

F&D replies to DPS asserting that its claims are timely, claiming the Court specifically extended the amendment deadline for the purpose of allowing claims based upon the arbitration. Further, F&D asserts that it did not know of the negligent design claim until F&D was forced to prove the condition in the arbitration proceeding and the civil conspiracy claim was developed during the arbitration. F&D also argues that its negligent design claim is not barred by the economic loss rule, claiming that the regulated architects of DPS are subject to professional standards of care independent of those established by contract. Finally, F&D contends that it has sufficiently pled a civil conspiracy claim and need not allege the underlying fraud either with specificity or as a separate claim.

As set forth above, the Court agrees that F&D's motion is timely and will cause the parties no undue prejudice as a result of its timing. However, the Court is concerned that F&D's arguments concerning the factual basis of its negligent design claim (that the claim is based not upon a contract, but on DPS' independent duty of care) and concerning the factual circumstances underlying the civil conspiracy (which apparently arose during the arbitration proceeding) are not alleged in the General Allegations nor in the Claims for Relief portions of the proposed amended complaint. Further, F&D is incorrect that it need not allege the fraud supporting its civil conspiracy claim with specificity.

*See Cavitat Med. Techs., Inc. v. Aetna, Inc.*, No. 04-cv-01849-MSK, 2006 WL 218018, at *5 (D. Colo. Jan. 27, 2006) ("because the alleged unlawful act [in a civil conspiracy claim] is fraud, such fraud must be pled with particularity"). Moreover, F&D may have misunderstood this Court's analysis in *Harris v. Amerigas Propane, Inc.*, 2012 WL 7051302 (D. Colo. Dec. 5, 2012), in which the Court analyzed whether the factual allegations in a complaint, absent an actual claim for relief, might state claims for defamation or wrongful termination. While the *Harris* court acknowledged that Mr. Harris' allegations might state a claim for defamation, it concluded Mr. Harris failed to state a claim of civil conspiracy. *Id.* at *7. The law appears to be unclear then, as it is now, whether a plaintiff may plead a claim for civil conspiracy absent the pleading of an actual claim for relief for the underlying wrong. *See Cavitat Med. Techs., Inc.*, 2006 WL 218018 at *5 (dismissing a direct fraud claim, but analyzing the civil conspiracy claim based upon the purported fraudulent acts).

Because there may have been some confusion in F&D's reading of the *Harris* opinion and in the interests of justice and judicial efficiency, the Court finds it proper to deny F&D's motion and the accompanying proposed amended counterclaims and third-party complaint without prejudice and permit F&D to revise the proposed pleading to assert more specific allegations in accordance with this order. *Id.* at *6 (opining that, ordinarily, the court would permit leave to make more specific allegations, but due to the advanced age of the case and the fact that the party had already amended the pleading, denied leave).

## CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS** Third Party Defendant Dekker/Perich/Sabatini's ("DPS") Motion for Leave to File First Amended Answer to Third-Party Plaintiff Fidelity and Deposit Company of Maryland's ("F&D") Third-Party Complaint [filed September 23, 2013; docket #500] and Plaintiffs White River Village, LLP and White River

Townhomes, LLC ("White River") and Third-Party Defendant Jonathan Reed and Associates, Inc.'s ("Reed") Motion for Leave to File Second Amended Complaint [filed September 30, 2013; docket #509] and **DENIES WITHOUT PREJUDICE** Defendant/Third Party Plaintiff F&D's Motion for Leave to File Amended Counterclaims and Amended Third-Party Complaint Against White River and [DPS] [filed September 30, 2013; docket #505]. The Clerk of the Court is directed to file White River's Second Amended Complaint, located at docket #509-5. DPS is directed to file the First Amended Answer attached to its motion in accordance with D.C. Colo. LCivR 10.1E and all other applicable rules on or before November 22, 2013. F&D may re-file its motion and a revised pleading in accordance with this order on or before December 2, 2013.

Dated at Denver, Colorado, this 25th day of November, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge