# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, LLC

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff/Counter Defendant,

and

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado Corporation,

    Consolidated Defendant,

v.

COOKEY'S MECHANICAL, INC.,

    Third-Party Defendant/Counter Claimant/Cross Claimant/ Counter Defendant,

S & S JOINT VENTURE,

    Third-Party Defendant/Cross Defendant/Counter Claimant,

JONATHAN REED & ASSOCIATES, INC.,
CLASS CONSTRUCTION, INC.,
BELLAVISTA BUILDERS,
CRUZAN CONSTRUCTION COMPANY,
RENTERIA ROOFING,
EC CONTRACTORS, LLC,
M.M. SKYLINE CONTRACTING, INC., a/k/a Skyline Contracting,
DEKKER/PERICH/SABATINI, LTD.,

    Third-Party Defendants.

## ORDER CONCERNING MOTION FOR CLARIFICATION

This matter is before me on **Third-Party Defendant S & S Joint Venture's Motion for Clarification** [#437][1] filed April 12, 2013. The motion prompted two responses [#454 & #467], and the movant filed a reply [#481]. The motion is granted in part and denied in part.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### III. BACKGROUND

This case originated with two construction contracts between the property owners, White River Townhomes, LLC, and White River Village, LLP (White River), and the construction contractor, S&S Joint Venture.[2] At the inception of this case, White River asserted claims against defendant Fidelity and Deposit Company of Maryland (F&D). F&D issued payment and performance bonds guaranteeing the obligations of S&S under the S&S contracts. The claims of White River in this case are based on F&D's obligations under the performance bonds and, to some extent, the payment bonds.

After S&S was declared to be in default on the S&S contracts, F&D, as the surety, undertook to complete performance on the S&S contracts. In essence, F&D filled the role of S&S as the contractor after S&S was declared to be in default. In this

---

[1] "[#437]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I refer to these contracts as the S&S contracts.

2

case, White River alleged that F&D is liable for construction defects and delays in completing the projects. White River claimed F&D failed to fulfill its obligations under the performance bonds after F&D took over and sought to complete the construction projects.

On March 23, 2009, I entered an order directing the parties to arbitrate F&D's counterclaims and third-party claims in which F&D sought to enforce the terms of the S&S Contracts against the White River entities and against third-party defendant, Jonathan Reed & Associates, Inc. *Order* [#301]. However, I concluded that the claims of White River against F&D are claims created by the terms of the performance bonds. The bonds do not contain an agreement to arbitrate, and, therefore, I concluded that I could not compel arbitration of those claims. In the arbitration, F&D was successful in proving its counterclaims against White River. White River was permitted to assert a variety of affirmative defenses in the arbitration, but it was not successful on any of them.

Following arbitration, F&D filed a motion for summary judgment [#408] in which it argued that all of the claims of White River, though not subject to arbitration under the order of this court, were resolved in the arbitration because the issues relevant to those claims were resolved when the affirmative defenses of White River were resolved in the arbitration. F&D argued that the doctrines of issue preclusion and claim preclusion barred White River from prosecuting its claims against F&D following the arbitration. In my order [#432] addressing F&D's motion for summary judgment [#408], I concluded that, after the arbitration, some of the claims of White River were barred by issue preclusion and claim preclusion, but that claims based on certain contentions not resolved in the arbitration were not barred by either issue preclusion or claim preclusion.

In that order [#432], I did not address directly any claim against S&S or any claim asserted by S&S. However, in discussing the facts which led F&D to assume responsibility for the performance of S&S under the S&S contracts, I stated that S&S had defaulted on the S&S contracts. *Order*, pp. 1, 7. In its present motion, S&S asks that the court clarify the order [#432] addressing F&D's motion for summary judgment by clarifying that the references to the default of S&S in the order are limited to the issues between F&D and White River and do not constitute a finding of fact or law concerning the claims between S&S and F&D or S&S and White River.

The issue of a default by S&S arose in the arbitration. For example, the question of whether F&D proved ownership of all of the claims of S&S was at issue in the arbitration and a default by S&S was relevant to that question. The arbitration panel concluded that F&D, as subrogee, owns the claims of S&S. Addressing the issues before it, the arbitration panel concluded that S&S was in default on the S&S contracts.

After the arbitration panel issued its interim award [#418-2], S&S filed a motion to the panel seeking modification of the interim award concerning statements in the interim award about a default by S&S. In its order granting that motion in part and denying it in part, the panel noted its previous finding the S&S was in default on the S&S contracts. However, the panel noted that it

> was not specifically asked to decide whether White River properly terminated its contract with S&S. It was clear to the Panel that White River and F&D agreed that S&S's termination was justified, which was supported by the evidence. Nevertheless, the Panel was not asked to make a finding or conclusion regarding this issue and the Interim Award accordingly does not find or conclude whether the termination was proper or improper.

\* \* \* \*

4

> The findings about a "default" in the Interim Award were supported by abundant evidence, and will not be altered. In any event, this Panel is without power to decide whether its findings and conclusions will have a "binding effect" on S&S; that issue will have to be decided by the court in which preclusive effect is sought.

*Motion for clarification* [#437], Exhibit B [#438-2] (Order re S&S' Motion for Modification of Interim Order and F&D's Motion To Strike the S&S Motion), pp. 5 - 6.[3]

### III. ANALYSIS

Under FED. R. CIV. P. 60(a), the court may correct an oversight or omission in a previous order. S&S seeks a clarification of the order [#432] on the motion for summary judgment of F&D to the extent that order states that S&S was in default on the S&S contracts. F&D, the White River entities, and Jonathan Reed & Assoc. argue that the court must not revisit the issue of the default of S&S because that factual issue was addressed and resolved by the arbitration panel.

In one or more contexts, the arbitration panel addressed and resolved the issue of a default by S&S under the S&S contracts. However, the arbitration panel stated explicitly that it did not determine whether its finding on this issue will have a binding or preclusive effect on S&S, and the panel stated expressly that the question of preclusive effect must be decided by a court in which preclusive effect is sought.

Given the assessment of the arbitration panel, I conclude that S&S is entitled to clarification of the order [#432] on the motion for summary judgment of F&D on the limited basis specified by the panel. Given the current record, there is no valid basis for this court to alter the findings of the panel concerning a default by S&S under the S&S contracts. The only open question is whether the findings of the panel on this factual

---

[3] The order of the arbitration panel addressing the motion for modification of S&S was incorporated into the Final Award of Arbitrators [#431-1].

issue are binding on S&S in relation to the remaining claims and defenses of S&S in this case. The order [#432] did not resolve the question of whether the factual findings of the arbitration panel on the issue of default have a binding or preclusive effect on S&S in this case. To that limited extent and for that limited purpose, I clarify the previous order [#432].

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Third-Party Defendant S & S Joint Venture's Motion for Clarification** [#437] filed April 12, 2013, is **GRANTED** in part;

2. That under FED. R. CIV. P. 60(a), the court **CLARIFIES** its **Order Concerning Motion for Summary Judgment** [#432] filed March 25, 2013, to state that the order [#432] does not determine whether the factual findings of the arbitration panel concerning a default by S & S Joint Venture under its contracts with White River Village, LLP and White River Townhomes, LLC have a binding or preclusive effect in this case as to S&S Joint Venture;

3. That if a party properly raises that issue for determination, the court will determine if the factual findings of the arbitration panel have a binding or preclusive effect in this case;

4. That otherwise, the **Third-Party Defendant S & S Joint Venture's Motion for Clarification** [#437] filed April 12, 2013, is **DENIED**.

Dated March 10, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge