# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, LLC

      Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

      Defendant/Third-Party Plaintiff/Counter Defendant,

and

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado Corporation,

      Consolidated Defendant,

v.

COOKEY'S MECHANICAL, INC.,

      Third-Party Defendant/Counter Claimant/Cross Claimant/ Counter Defendant,

S & S JOINT VENTURE,

      Third-Party Defendant/Cross Defendant/Counter Claimant,

JONATHAN REED & ASSOCIATES, INC.,
CLASS CONSTRUCTION, INC.,
BELLAVISTA BUILDERS,
CRUZAN CONSTRUCTION COMPANY,
RENTERIA ROOFING,
EC CONTRACTORS, LLC,
M.M. SKYLINE CONTRACTING, INC., a/k/a Skyline Contracting,
DEKKER/PERICH/SABATINI, LTD.,

      Third-Party Defendants.

**ORDER GRANTING MOTION FOR RECONSIDERATION**

**Blackburn, J.**

This matter is before me on the **Motion for Reconsideration of Finding of Joint and Several Liability** [#443][1] filed April 22, 2013. The motion prompted a response [#468], a reply [#482], and a sur-reply [#498].[2]  I grant the motion.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II.  STANDARD OF REVIEW

The bases for granting reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Additionally, under FED. R. CIV. P. 60(a), a court may correct a mistake arising from oversight or omission whenever one is found in an order or other part of the record.

## III.  BACKGROUND

Plaintiffs White River Village, LLP and White River Townhomes, LLC and third-

---

[1] "[#443]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Initially, the sur-reply was stricken [#499], but subsequently accepted for filing.

party defendant Jonathan Reed & Associates, Inc. seek reconsideration of a portion of my order [#431] confirming the arbitration award in this case. Specifically, these parties ask the court to reconsider and withdraw that portion of the order [#431] finding that Jonathan Reed & Associates, Inc. is jointly and severally liable for the damages and interest awarded by the arbitration panel to defendant Fidelity and Deposit Company of Maryland against plaintiffs White River Village, LLP and White River Townhomes, LLC.

On March 23, 2009, I entered an order [#301] directing the parties to arbitrate many, but not all, of the claims in this case. Parsing which claims and parties were subject to the relevant agreements to arbitrate, I noted in a footnote that third-party defendant Jonathan Reed & Associates, Inc. (Reed & Assoc.) had executed the contracts containing the relevant arbitration clauses "as a general partner of [White River] Village and [White River] Townhomes, and as an owner. Thus, I conclude that Reed & Assoc. is a party to the arbitration agreements." *Order Concerning Motions To Compel Arbitration* [#301] filed March 23, 2009, p. 9, n. 3.[3]

The claims of third-party plaintiff, Fidelity and Deposit Company of Maryland (F&D), against Reed & Assoc. were addressed and resolved in the arbitration proceedings. In its Interim Award, the arbitration panel made detailed findings of fact and conclusions of law concerning Reed & Assoc. and its liability on the claims asserted by F&D. *Interim Award* [#418-2]. The Interim Award [#418-2] of the arbitration panel includes the following findings of fact:

> 3. Jonathan Reed & Associates, Inc. is not a party. The contracting parties are plainly identified on the first page of the respective contracts. They are White River Townhomes, LLC, and S&S Joint Venture for the market rate units contract; and White River Village LLP, and S&S Joint

---

[3] I refer to the contracts with the relevant arbitration clauses as the S&S contracts.

>Venture for the low income units contract.  Jonathan Reed & Associates, Inc. is not a signatory to the S&S construction contracts.  Exhibit 17 and 18.  Jonathan Reed signed those contracts in his stated capacity as president of Jonathan Reed & Associates, Inc., which, in turn, signed as "general partner" of each White River entity; no mention of Jonathan Reed & Associates, Inc. is made on that page, or anywhere in the contracts, other than on the signature page.  Exhibits 17 and 18.
>
>4.  F&D introduced no evidence to attempt to pierce the corporate veil of the Townhomes, LLC nor the Village, LLP.
>
>5.  Jonathan Reed & Associates, Inc. is signatory to the S&S construction contracts in a representative capacity only, as agent of the respective owners.  Exhibits 17 and 18.  Jonathan Reed signed each contract in his stated capacity as "Managing Agent", and, in turn, signed on behalf of Jonathan Reed & Associates, Inc., "its General Partner".

*Interim Award* [#418-2], pp. 77-78.

The Interim Award [#418-2] of the arbitration panel includes the following conclusions of law:

>1.  It is axiomatic that only a party to a contract can be liable for a breach of the contract.  Here, the Panel finds that Jonathan Reed & Associates, Inc. is not a party to the Contracts with S&S.  Jonathan Reed & Associates, Inc. is not identified as the owner in the contracts.  Its name appears only on the signature line, which signature indicates that Jonathan Reed & Associates, Inc. was signing the agreement in a representative capacity only as the general partner of each White River entity, and not in its own capacity.
>
>2, The Panel is mindful of Judge Blackburn's statements in the Arbitration Order, in footnote 3, that "Jonathan Reed & Associates, Inc. executed both of the S&S Contracts as general partner of Village and Townhomes, and as an owner."  Further, Judge Blackburn stated: "I conclude that Reed & Assoc. is a party to the arbitration agreements."
>
>3.  The Panel views the Federal court's ruling as limited to finding that Jonathan Reed & Associates, Inc., is subject to the arbitration agreement, and is consistent with case law whcih holds that "a nonparty may fall within the scope of an arbitration agreement . . . if that is the intent of the parties."  **Eychner v. Van Vleet**, 870 P.2d 486, 489 (Colo. App. 1993).  **See also, Everett v. Dickinson & Co.**, 929 P.2d 10, 12 (Colo. App. 1996).
>
>4.  As to the merits, however, the Panel concludes that Jonathan Reed &

4

>
> Associates, Inc., was not a party to the construction contracts and is not liable on F&D's claims.
>
> 5. The members and managers of limited liability companies are generally not liable for the debts and obligations of the limited liability company. § 7-80-755, C.R.S. The same is true for partners of a limited liability partnership. § 7-64-1009, C.R.S.

*Interim Award* [#418-2], pp. 78-79.

The Interim Award [#418-2] was incorporated explicitly into the Final Award of Arbitrators [#418-4]. In its final award, the arbitration panel ordered: "F&D's claims against Respondent J. Reed & Associates are dismissed and J. Reed & Associates shall pay nothing to F&D." *Final Award of Arbitrators* [#418-4], ¶ 14.

### IV.  ANALYSIS

In their motion [#443], the White River entities and Reed & Assoc. argue that the order [#431] confirming the arbitration award modifies improperly the award of the arbitration panel by stating that Reed & Assoc. "shall, along with White River Village, LLP (WRV) and White River Townhomes, LLC (WRT), be jointly and severally liable for all damages and interest due and owing to F&D under the Final award and as designated" in the order. *Order* [#431], ¶ 3-4. In response, F&D contends that the arbitration panel "overstepped its jurisdiction by concluding that despite the fact that the Court had determined that (Reed & Assoc.), by virtue of its execution of the S&S contracts, was a party to the contract and thus the arbitration, it was somehow not a party." *Response* [#468], p. 5. F&D contends the court properly modified the arbitration award in its order [#431] because the issue of the status of Reed & Assoc. as a party to the S&S contracts and as owner of the projects was not submitted to the arbitration panel. This is so, F&D contends, because the issue of the status of Reed & Assoc. was determined by the court before the claims were submitted to the arbitration panel for

determination.

Having reviewed the record carefully, I conclude that reconsideration and modification of the **Order Confirming Arbitration Award** [#431] is proper. In footnote three on page nine of that order, I concluded that Reed & Assoc. "is a party to the arbitration agreements." That conclusion was reached in the context of the need to determine which parties to this lawsuit would be compelled to arbitrate the claims asserted by them and asserted against them. That conclusion was not stated or intended to be the basis for a conclusion about whether Reed & Assoc. was subject to liability on claims based on the S&S contracts. Appropriately, the arbitration panel read that portion of my order as limited to finding that Jonathan Reed & Associates, Inc. is subject to the arbitration agreements in the S&S contracts. Beyond that, the claims asserted against Reed & Assoc. were submitted to the arbitration panel for determination. The panel did not exceed its authority in resolving those claims. As detailed above, the arbitration panel determined ultimately that Reed & Assoc. is not liable on any of the claims of F&D against Reed & Assoc.

Absent extraordinary circumstances, which are not present here, a court may not alter the findings, conclusions, or award of an arbitration panel. An award may be vacated or amended only for reasons enumerated in the Federal Arbitration Act at 9 U.S.C. § 10, which include arbitrators acting in excess of their powers, or for a few judicially created reasons, such as violation of public policy, manifest disregard of the law, or denial of a fundamentally fair hearing. **Hollern v. Wachovia Sec., Inc.**, 458 F.3d 1169, 1172 (10th Cir. 2006). Errors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award. **Id.**

Given the facts of this case, the content of the **Order Confirming Arbitration Award** [#431], and the content of the award of the arbitrators in this case, I conclude that the **Order Confirming Arbitration Award** [#431] alters and amends improperly the award of the arbitrators by holding that Reed & Assoc. is jointly and severally liable on the claims of F&D against the White River entities. In this context, reconsideration of and amendment of the **Order Confirming Arbitration Award** [#431] will correct clear error and prevent manifest injustice.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 60(a), the **Motion for Reconsideration of Finding of Joint and Several Liability** [#443] filed April 22, 2013, is **GRANTED**;

2. That the **Order Confirming Arbitration Award** [#431] **SHALL BE AMENDED** to remove any provision which provides that Jonathan Reed & Associates, Inc. is jointly and severally liable for all damages and interest due and owing to Fidelity and Deposit Company of Maryland under the Final Award of the arbitration panel and as designated in the **Order Confirming Arbitration Award** [#431]; and

3. That the court **WILL ISSUE** an amended order confirming arbitration award consistent with this order.

Dated March 10, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

7