## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 08-cv-00248-REB-MEH
(Consolidated with Civil Action No. 08-cv-00359-REB-MEH)

WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, LLC

    Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

    Defendant/Third-Party Plaintiff/Counter Defendant,

and

HEPWORTH-PAWLAK GEOTECHNICAL, INC., a Colorado Corporation,

    Consolidated Defendant,

v.

COOKEY'S MECHANICAL, INC.,

    Third-Party Defendant/Counter Claimant/Cross Claimant/ Counter Defendant,

S & S JOINT VENTURE,

    Third-Party Defendant/Cross Defendant/Counter Claimant,

JONATHAN REED & ASSOCIATES, INC.,
CLASS CONSTRUCTION, INC.,
BELLAVISTA BUILDERS,
CRUZAN CONSTRUCTION COMPANY,
RENTERIA ROOFING,
EC CONTRACTORS, LLC,
M.M. SKYLINE CONTRACTING, INC., a/k/a Skyline Contracting,
DEKKER/PERICH/SABATINI, LTD.,

    Third-Party Defendants.

# ORDER ADOPTING RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant/third Party Plaintiff, Fidelity and Deposit Company of Maryland's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) Cookey's Mechanical's Counterclaims Against Fidelity and Deposit Company of Maryland, Dkt. No. 162, Filed Nov. 10, 2008** [#461][1] filed August 2, 2013; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#516] filed October 7, 2013.  Defendant and third-party plaintiff, Fidelity and Deposit Company of Maryland (F&D), filed objections [#524] to the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.   I overrule the objections, approve and adopt the recommendation, and deny the motion to dismiss.

The motion to dismiss concerns counterclaims asserted against F&D by third-party defendant Cookey's Mechanical, Inc.  F&D argues that a limitation provision in the payment bond that is the basis of Cookey's counterclaims constitutes an insurmountable time bar to Cookey's counterclaims.  The magistrate judge concluded that the limitation provision in the payment bond is ambiguous and can be read to have at least two different meanings.

---

[1] "[#461]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2

As discussed in the recommendation, the word "or" as used in the limitation provision creates confusion about how the limitation provision operates. The provision reads as follows:

> No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located **or** after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

*Payment Bond*, ¶ 11, [93-1], p. at 3 (emphasis added). In its objections, F&D argues that "or" should be read to mean "and" in the limitation provision. However, the proposed substitution would create even greater confusion. If "and" is substituted for "or," then one reasonable reading of the provision would be that no suit could be commenced under the bond other than (1) in a court of competent jurisdiction where the work is located; **and** (2) after the expiration of one year from the specified events. This is not the result sought by F&D.[2]

The magistrate judge found the provision to be ambiguous – susceptible to more than one reasonable construction. I concur. As discussed by the magistrate judge, applying the usual meaning of the word "or" in this provision leads to more than one reasonable interpretation. One such interpretation reads the word "or" to mean that the two specified conditions are alternative, not concurrent, conditions to filing a suit. Using that reading, Cookey's counterclaims were timely filed.

I note also an argument not addressed by the magistrate judge. In its response

---

[2] Notably, the phrase "other than" also contributes to the confusion.

3

[#480] to the motion to dismiss, Cookey's argues §13-80-109, C.R.S., alters any otherwise applicable time bar in the context of this case. That statute provides:

> Except for causes of action arising out of the transaction or occurrence which is the subject matter of the opposing party's claim, the limitation provisions of this article shall apply to the case of any debt, contract, obligation, injury, or liability alleged by a defending party as a counterclaim or setoff. <u>A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter.</u>

§13-80-109, C.R.S. (emphasis added). Cookey's counterclaims were filed less than one year after F&D served Cookey's with F&D's third-party complaint.

F&D contends this statute is inapposite because its claims against Cookey's and Cookey's counterclaims against F&D do not arise out of the same transaction or occurrence. *Reply* [#487], p. 8-9. F&D says it is asserting claims under a performance bond, while Cookey's claims are based on a separate payment bond. Both of the bonds concern the same construction project and contract for and under which Cookey's was hired to perform work. §13-80-109 applies only to a counterclaim that "arises out of the same transaction or occurrence, or the same series thereof" that are the basis for a claim asserted against the counterclaimant. ***Duell v. United Bank of Pueblo, N.A.***, 892 P.2d 336, 341 (Colo. App. 1994). The third-party claims of F&D against Cookey's and the counterclaims of Cookey's against F&D arise from the same series of closely related transactions. Thus, I conclude that §13-80-109 is applicable to Cookey's counterclaims. Thus, even assuming *arguendo* that Cookey's counterclaims are untimely otherwise, they are timely under §13-80-109, C.R.S.

I conclude ultimately that the ambiguity analysis of the magistrate judge is correct. Independently, and alternatively, I conclude that Cookey's counterclaims are

4

timely under §13-80-109, C.R.S. Thus, the motion to dismiss must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections [#524] of F&D are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#516] filed October 7, 2013, is **APPROVED** and **ADOPTED** as an order of this court and

3. That **Defendant/third Party Plaintiff, Fidelity and Deposit Company of Maryland's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) Cookey's Mechanical's Counterclaims Against Fidelity and Deposit Company of Maryland, Dkt. No. 162, Filed Nov. 10, 2008** [#461] filed August 2, 2013, is **DENIED**.

Dated March 12, 2014, at Denver, Colorado.

BY THE COURT:

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge